[Criminal No. 601.   Filed February 11, 1925.]

[232 Pac. 893.]

STATE, Appellant, v. FRANK R. SHEARER, ERNEST SPARKS and PETE BOZONICH, Respondents.     •

1. CRIMINAL LAW—JURISDICTION OF JUSTICE COURTS IS DETERMINABLE FROM ORGANIC AND STATUTORY LAW CREATING AND PRESCRIBING THEIR AUTHORITY AND POWER.—Jurisdiction of justice courts is determinable from organic and statutory law creating and prescribing their authority and power.

2. Jury—Jury is not Integral Part of Justice Court, and Right to Jury Trial may be Waived Without Defeating Justice's Jurisdiction to Try Defendant.—Under Constitution, article 6, section 9, article 2, section 24, and Penal Code of 1913, sections 1308, 1313, 1318, relating to jurisdiction of justices of the peace, and to defendant's right to jury trial, jury is not integral part of justice court such that right to jury trial may not be waived by defendant, nor is justice of peace without jurisdiction to try defendant who has waived jury trial.

See (1) 16 **C. J.**, p. 154. (2) 35 **C. J.**, p. 199 (1926 Anno.).

APPEAL from a judgment of the Superior Court of the County of Cochise. A. C. Lockwood, Judge. Judgment reversed.

Mr. John W. Murphy, Attorney General, Mr. John F. Ross and Mr. Walter Roche, for the State.

Mr. John Wilson Ross, for Respondents.

PHELPS, Superior Judge. — Briefly stated, the facts in this case are: That defendants were on November 18, 1923, charged with the violation of section 639, Penal Code of 1913, which makes it a misdemeanor for any person or persons, firm or corporation, owning or having charge of any sheep or goats, to herd the same or permit the same to be herded on the land or possessory right to land of other persons without the express consent of the owner.

That defendants were thereafter arrested and brought before the justice of the peace, and the case duly set for trial for the twenty-fourth day of November, 1923. That on said date defendants appeared in person and by counsel in said court, and at that time waived the right to trial by jury, and elected to be tried before the justice of the peace without a jury. Thereupon both the state and de-

2. Waiver of jury trial in criminal case, see notes in 1 **Ann. Cas.** 597; 9 Ann. Cas. 263, 1183. See, also, 16 **R. C. L.** 219.

fendants presented evidence to the court, and at the conclusion thereof defendants were found guilty as charged in the complaint, and the statutory time for sentence being waived, judgment was pronounced assessing a fine of $25 against each of said defendants, and in default of payment thereof, that each of them be confined in the county jail of Cochise county until such fine was paid, such imprisonment, however, not to exceed twenty-five days.

From this judgment an appeal was duly taken to the superior court of that county, and upon January 14, 1924, defendants appeared by their counsel, who expressly waived the presence of the defendants, and entered a plea of not guilty, and thereupon demanded a trial by jury, and said cause was set down for trial in said superior court for January 29, 1924, and thereafter, when said cause was reached upon the calendar of the court, to wit, upon January 31, 1924, defendants by their counsel filed a motion for continuance, and the court finding the motion sufficient ordered the trial of the cause continued for further setting, and on February 5, 1924, defendants filed a motion to dismiss upon the ground that the judgment rendered therein by the justice of the peace was null and void, in that it deprived the defendants of their constitutional right, ''to have a speedy trial by an impartial jury of the county in which the offense is alleged to have been committed,'' and second, ''that defendants could not under the Constitution waive their right to trial by jury.''

Upon February 18, 1924, said cause was dismissed by order of the court, and upon February 19th a formal order of dismissal was filed in said cause, which discloses that said cause was dismissed upon the ground that the justice of the peace was with-

out jurisdiction to try the same. From the order of dismissal the state appealed.

Appellant presents two questions for determination; first, did the justice of the peace have jurisdiction to try the case without a jury? Second, if he did not have jurisdiction, have not defendants waived lack of jurisdiction by appealing to the superior court?

The theory of appellee and of the trial court evidently was that a jury under the above provisions constitutes an integral and an essential part of the tribunal established by law for the trial of such offenses; that the law commits to the jury the duty of determining all questions of fact, and that the function of the justice of the peace is merely to determine the law and pronounce judgment upon the verdict of the jury. If this theory be correct, then the justice of the peace would have no more jurisdiction to proceed with the trial of the cause without a jury than the jury would have to try the cause without the justice of the peace, for neither would constitute the tribunal provided by law for the trial of such cause, and if the justice of the peace has no jurisdiction under the law defining his power and authority to proceed with the trial without a jury, no act of the parties can confer jurisdiction upon him to do so, and a trial in the absence of either justice or jury would be a trial by a tribunal unknown to the law, and its judgment absolutely void.

The jurisdiction of the justice courts is to be determined from the organic and statutory law creating and prescribing their authority and power.

The Constitution of Arizona, section 9, article 6, provides that the jurisdiction of justices of the peace shall be provided by law, and section 1308, Penal Code of 1913, provides that:

"The justice's courts have jurisdiction of the following offenses committed within their respective

precincts. . . . Breaches of the peace, riots, routs, affrays, committing a willful injury to property, and all misdemeanors punishable by fine not exceeding three hundred dollars, or imprisonment not exceeding six months, or by both such fine and imprisonment.''

Section 24, article 2, Constitution of Arizona, provides in part as follows:

''In criminal prosecutions, the accused shall have the right . . . to have a speedy public trial by an impartial jury of the county in which the offense is alleged to have been committed.''

Section 1313, Penal Code of 1913, provides:

''Upon a plea other than a plea of guilty, if the parties waive a trial by jury . . . the court must proceed to try the case.''

Section 1318, Penal Code of 1913, provides in part that:

''A trial by jury shall be had if demanded by either the state or the defendant; but unless such demand is made before the commencement of the trial, a trial by jury shall be deemed waived.''

The above provisions constitute the source of the power and authority of justices of the peace. There can be no doubt but that the subject matter of the cause in question was one within the jurisdiction of the justice court as constituted by law. The only question therefore for consideration is, does the provision of the Constitution above set forth, disclose an intention on the part of the framers thereof to make the jury an integral part of the justice court in the trial of criminal offenses, and without which it cannot function?

We do not think so. It guarantees to defendants charged with offenses triable by jury at common law, an absolute right to a jury trial if demanded, and

that the legislature of the state shall not abridge that right by any subsequent legislation. It cannot be construed to intend, however, that a jury constitutes an essential part of the tribunal created for the trial of offenses which under the law fall within the jurisdiction of justices of the peace, but merely guarantees to such defendant a privilege designed solely for his own protection, which may be waived by him, and which was expressly waived by defendants in the instant case.

In the case of *State* v. *Woodling,* 53 Minn. 142, 54 N. W. 1068, the court said:

"If our constitution provided, as did the original constitution of the United States (article III, § 2), that 'the trial of all crimes (except in cases of impeachment) shall be by jury,' there would be good grounds for arguing that a jury was intended to be an essential part of a constitutional tribunal for the trial of crimes, without which it would not be legally constituted, any more than it would be without a judge. But our constitution contains no such provision. Its language is (article I, § 6): 'In all criminal prosecutions the accused shall enjoy the right to a speedy and public trial by an impartial jury,' etc. This language imports merely a grant or guaranty of a right to the accused for his own protection, and seems to us never to have been intended to prescribe the organization of the court, or to make a jury an essential part of it. If this be so, it necessarily follows that the presence or absence of a jury is not a jurisdictional matter—that is, it does not go to the constitutional organization of the court—and that, if the defendant cannot waive a jury trial, it must be purely upon grounds of public policy, and because the public have such an interest in the life and liberty of the citizen that he ought not to be allowed to waive this safeguard which the constitution has thrown around him. If the right is intended merely for his protection, it is difficult to see why on principle he may not waive it, or why any distinction in that regard should be

made between the right to a jury trial and various other rights which it is uniformly held that he can waive. . . . ''

It will be observed that the language of the Constitution of Minnesota is in substance identical with that of the provision of the Constitution upon which defendant relies, and the language of the court in that case is hereby approved and adopted.

Having arrived at the above conclusion, it irresistibly follows that the provisions of the Constitution, section 9, article 6, providing that the ''jurisdiction of justices of the peace, shall be provided by law'' is limited by section 24, article 2, only to the extent that the legislature may not deny to defendants charged with criminal offenses triable by jury at common law the privilege of trial by jury if demanded, and any act of the legislature prescribing the power and authority of justices of the peace, which does not trench upon the jurisdiction of courts of record or otherwise violate the provisions of the Constitution of the state is valid.

Section 1313, Penal Code of Arizona of 1913; providing that ''Upon a plea other than a plea of guilty, if the parties waive a trial by jury . . . the court must proceed to try the case,'' does not violate any provision of the state Constitution, and expressly confers upon the justice of the peace authority to try cases, the subject matter of which is within its jurisdiction, without a jury. The justice of the peace, therefore, had jurisdiction to try the instant case, and its judgment therein was valid. This view of the law seems to be supported by the great weight of authority.

The order and judgment of the lower court dismissing said cause of action. is reversed and the

cause remanded, with directions that trial be had in accordance herewith.

McALISTER, C. J., and ROSS, J., concur.

NOTE.—A. C. LOCKWOOD, J., being disqualified, the Honorable M. T. PHELPS, Judge of the Superior Court of the state of Arizona, in and for the county of Maricopa, was called to sit in his stead in the hearing of this cause.