[Criminal No. 733. Filed July 3, 1931.]

[300 Pac. 1010.]

C. E. CLAYTON, Appellant, v. STATE, Respondent.

For former opinion, see *ante,* p. 135, 297 Pac. 1037.

Messrs. Flanigan and Fields, for Appellant.

Mr. K. Berry Peterson, Attorney General, Mr. Arthur T. La Prade, Assistant Attorney General, Mr. Chas. A. Carson, Jr., City Attorney, and Mr. James E. Nelson, Assistant City Attorney, for the State.

ROSS, J.—The Attorney General and the city attorney have filed a motion for a rehearing in which

they express the fear that, if our opinion stands, Phoenix and other cities of the state will be deprived of many powers necessary for their welfare and protection. It is enough to say their apprehensions are unfounded.

They insist that provisions of the city charter which we overlooked in our opinion authorize the legislative body of the city to pass the ordinance in question. Our attention is called to subsection 14, section 2, chapter IV, of the charter, which authorizes the city to regulate the speed of automobiles and other vehicles. The ordinance in question was not passed under that authorization. It is not a speed ordinance. The driver, if under the influence of intoxicating liquor, is guilty of the offense denounced regardless of the rate of speed he is driving. Slow, careful and skilful driving will not relieve him.

Then it is said subsection 32 of the same section and chapter authorizes the city commission "to prevent and punish drunkenness and all offenses . . . and disorderly conduct in the City," and that under this provision the commission was empowered to pass the ordinance punishing persons who drive motor vehicles on state highways while under the influence of intoxicating liquor. The object of the ordinance is not to suppress drunkenness and related delinquencies, but to make travel on the highways safe. The driver does not need to become drunk or intoxicated to incur the law's penalty. It is only necessary that he be under the influence, however slight, if it affects him either mentally or physically. *Hasten* v. *State,* 35 Ariz. 427, 280 Pac. 670.

It is said the city commission had authority under the general welfare clause of the charter, as found in section 9, chapter XXI, to pass the ordinance. The powers of the city under the public safety and welfare clauses are indeed very broad. It is said:

"It is a well recognized function of the police power of municipal corporations to promote the public safety and to preserve the general welfare by regulating all things hurtful to the comfort, safety, and welfare of their inhabitants, or that are hurtful to the public interests. The police power relates not merely to public physical safety, but also to public financial safety.

"The enumeration of special powers in a municipal charter is often concluded with a clause conferring general authority to pass all ordinances which may be necessary for the promotion of the public safety and general welfare of the corporation, and are not inconsistent with the constitution and general laws of the state." 43 C. J. 207, § 206.

If the legislature had not in the Highway Code taken over and appropriated to itself, to the exclusion of others, the power and right to prescribe the qualifications of motor vehicle drivers, and to punish them for driving while under the influence of intoxicating liquor, we would be inclined to hold that a city could, under the general welfare clause, legally legislate on the subject. The requirement that drivers of motor vehicles be free from the influence of liquor and narcotics might be legally incorporated into the city's ordinances, notwithstanding it is a state law, if the charter or the general laws affecting the powers of cities authorized it. It is not a novelty in the law to find the same act punishable by statute and by city ordinance. Indeed it is quite common for the two jurisdictions to legislate concurrently on the same subject. Where the subject is one of local interest or concern, or where though not of local concern the charter or legislation confers on the city express power to legislate thereon, both jurisdictions may legislate on the same subject. Where, however, the subject is of state-wide concern, and the legislature has appropriated the field and declared the rule, its declaration is binding throughout the state.

It may be, as said by counsel for motion, that "the larger number of drunken driving cases originating in the City of Phoenix can be handled easily and inexpensively in the municipal court, saving the county from the expense incurred by the ordinary, usual and necessary procedure in a court of record and insuring swift and speedy punishment of this offense; (that) he who drives on the streets of the City of Phoenix today while intoxicated, can be and usually is serving his sentence tomorrow," but we think the legislature looked upon the act of incapacitating one's self by drinking intoxicants as not unimportant and trivial or a police court matter. The legislature evidently took the view that irresponsible and reckless driving that usually accompanies liquor drinking should be tried in a court of record and upon conviction severely punished, and for that reason chose to make its rule the rule throughout the state.

The motion for rehearing is denied.

McALISTER, C. J., and LOCKWOOD, J., concur.