[No. 34089. Department Two. December 6, 1956.]

JOHN J. KENNETT, *Appellant*, v. DAVID LEVINE *et al.,* *Respondents.*[1]

[1]Reported in 304 P. (2d) 682.

*John J. Kennett, George Kahin,* and *Robert K. Keller,* for appellant.

*A. C. Van Soelen* and *Arthur Schramm,* for respondents.

OTT, J.—The appellant, John J. Kennett, commenced an action in the superior court for King county, in which proceeding he sought a writ of prohibition directed to the city council of Seattle to desist and refrain, until further order of the court, from conducting a hearing before the city council upon the mayor's request for his removal as a member of the Seattle transit commission, and requiring the respondents to show cause why they should not be permanently restrained.

The respondents appeared generally and interposed (1) a motion to quash the proceedings upon the ground that the court had no jurisdiction over the subject matter of the action, and (2) a demurrer upon the ground that the affidavits in support of the application for the writ did not state facts sufficient to constitute a cause of action.

The court granted the motion to quash, sustained the demurrer, and dismissed the action with prejudice. The appellant has taken all of the necessary procedural steps to perfect his appeal, and this court now has jurisdiction.

This is an ancillary proceeding in which the appellant seeks a permanent writ of supersedeas pending the appeal.

The sole issue presented is whether this court, in the exercise of its discretion, should require that the litigants' *status quo* be maintained until the appeal can be heard upon its merits before this court.

Art. IV, § 4, of the constitution of the state of Washington, provides in part as follows:

"The supreme court shall also have power to issue writs of mandamus, review, prohibition, habeas corpus, certiorari *and all other writs necessary and proper to the complete exercise of its appellate and revisory jurisdiction.*" (Italics ours.)

In aid of its appellate jurisdiction, this court has inherent power to grant all writs it deems necessary and

proper to preserve the fruits of appeal for an appellant in the event such appeal should prove successful. In the exercise of our discretion, we have held that the issue presented by the appeal must be debatable, and that the equities of the case must require that the *status quo* of the litigants be maintained. *Shamley v. Olympia*, 47 Wn. (2d) 124, 286 P. (2d) 702 (1955).

Applying this rule to the instant case, do the pleadings present a debatable question?

Article XXIII, § 1, of the charter of the city of Seattle, provides in part as follows:

"There shall be a 'Seattle Transit Commission' composed of five members, appointed by the mayor and confirmed by the city council who shall serve without compensation. . . . Commissioners may be removed by the mayor upon filing notice of removal for cause with the city council, such removal to be effective only upon confirmation by a majority of all members of the city council."

The appellant contends that the mayor's request for his removal does not state a sufficient cause for removal, as contemplated by the city's charter and as required by law. The respondents contend that the mayor's request does state a sufficient cause for removal.

In this ancillary proceeding, we are not concerned with the merits of the case. We are concerned only with whether the issues, as joined by the pleadings, are debatable. The record before us establishes that debatable issues are presented, both upon the issue of jurisdiction and upon the issue of the sufficiency of the mayor's alleged cause for removal.

Do the equities require that the *status quo* of the litigants be maintained?

The appellant contends that, if he is removed from office by the city council, he will have no legal method or remedy by which his *status quo* as a member of the commission can be preserved. Should the appellant be removed from office without cause, after hearing before the city council, his successor could be appointed immediately, and he would thereby be wrongfully deprived of his office.

■ In two early cases, this court held that an order depriving one of a public office is self-executing, and that, to preserve the *status quo* to the person in office, an application for a writ of prohibition must be made before the office is forfeited. See *Fawcett v. Superior Court*, 15 Wash. 342, 46 Pac. 389 (1896), and *State ex rel. Bernard v. Board of Education*, 19 Wash. 8, 52 Pac. 317 (1898). We adhere to to the principles of law expressed in the cited cases.

■ We conclude that, in the complete exercise of our appellate and revisory jurisdiction, it is necessary and proper that the *status quo* of the litigants be maintained until the appeal can be heard.

The temporary writ of supersedeas previously granted by this court is made permanent and will be continued in force pending the appeal.

DONWORTH, C. J., SCHWELLENBACH, HILL, and WEAVER, JJ., concur.

---

January 11, 1957. Petition for rehearing denied.