397 P.2d 217

**STATE of Arizona, Plaintiff,**

**v.**

**Arthur W. COUSINS, Defendant.**

**No. 1372.**

Supreme Court of Arizona.

En Banc.

Dec. 10, 1964.

Rehearing Denied March ·16, 1965.

Charles N. Ronan, County Atty., Maricopa County, City Atty. of City of Phoenix, by Thomas J. McLaughlin, Asst. City Atty., and Vernon B. Croaff, Phoenix City Prosecutor, for plaintiff.

Coit I. Hughes, Phoenix, for defendant.

UDALL, Chief Justice.

This case is before us on certification pursuant to Rule 346, Arizona Rules of Criminal Procedure, 17 A.R.S., from the Superior Court of Maricopa County.

Arthur Cousins, the defendant, was charged in the City Court of the City of Phoenix with drunk or disorderly conduct in a public place. Ch. 27, § 26, Code of the City of Phoenix (1962). The cause came on for trial in the City Court and the de-

fendant was adjudged guilty and thereafter a timely appeal to the Superior Court was taken. A.R.S. § 22-371 (1963). The defendant requested a jury in the Superior Court and renewed his request for a jury immediately before the trial was to begin. The trial court then vacated the trial setting in order to certify three questions to this Court pursuant to Criminal Rule 346. The following are the questions certified to this Court:

Question I: "On the trial of a criminal offense in the Phoenix City Court filed under Section 27–26 of the City Code of the City of Phoenix, does the defendant have the right to a jury trial where a demand therefor has been made?"

Question II: "Upon appeal to the Superior Court of a criminal offense filed under Section 27–26 of the City Code of the City of Phoenix, does the defendant have the right to a jury trial where a demand therefor has been made?"

Question III: "Upon appeal to the Superior Court of any criminal case tried in the City Court, in which a right to trial by jury exists, of how many persons shall the jury be composed?"

In answering these questions we must examine the extent of the right of trial by jury. Our Constitution provides:

"The right of trial by jury shall remain inviolate, * * *." Ariz.Const. Art. 2, § 23, A.R.S.

The provision of the Constitution quoted does not give the right to a trial by jury, but its purpose is to guarantee the preservation of the right. Brown v. Greer, 16 Ariz. 215, 141 P. 841 (1914). The right of a trial by jury, which was thus confirmed and retained inviolate, is not and has never been a right which a defendant could invoke in all instances, even in charges of a criminal nature. It is applicable only in those matters in which it existed anciently under the common law. District of Columbia v. Clawans, 300 U.S. 617, 57 S.Ct. 660, 81 L.Ed. 843 (1937); Town of Montclair v. Stanoyevich, 6 N.J. 479, 79 A.2d 288 (1951). Cf. Ariz.Const., Art. 2, § 24 and U.S.Const. amend. VI.

Our legislature has spoken on this matter with respect to trials in inferior courts such as the City Court in this case, in A.R.S. § 22-425(A) (1956) which states:

"In the trial of offenses for violation of ordinances of cities or towns of such a nature as by the common law were not triable before a jury, no jury trial shall be granted."

The problem thus narrows to whether the crime of drunk and disorderly conduct was triable by jury at common law. An examination of the authorities shows that such a crime was not triable by jury at common

law. People v. Burleigh, 1 N.Y.Cr.R. 522 (1883); People v. McCarthy, 45 How.Pr. 97 (1873); 39 Harv.Law Rev. 917 (1926); 4 Bl.Comm. 281. In People v. McCarthy, supra, the Court states:

"Both in England and in this state, long prior to the earliest of our state constitutions, vagrants and disorderly persons, as defined by statute, were made subject to summary trials without jury, and frequently from time to time, in both countries, additions have been made by statute to the classes known as disorderly persons, with provisions subjecting them to arrest and trial in the same form." p. 98.

But see, State v. Waller, 7 N.C. 229 (1819); Moser v. Fulk, 237 N.C. 302, 74 S.E.2d 729 (1953).

Before concluding that there is no right to a jury trial on a charge of drunk and disorderly conduct we consider the argument advanced by the defendant in this case that notwithstanding the nature of the offense, the severity of the possible penalty is important in determining this right. The defendant contends that the maximum penalty of $300 or three months imprisonment, or both, is of such severity that would entitle him to a jury trial. This precise question has been answered by the United States Supreme Court in District of Columbia v. Clawans, 300 U.S. 617, 57 S.Ct. 660 (1937). The Court said:

"We are thus brought to the question whether the penalty, which may be imposed for the present offense, of ninety days in a common jail, is sufficient to bring it within the class of major offenses, for the trial of which a jury may be demanded. * * *

"If we look to the standard which prevailed at the time of the adoption of the Constitution, we find that confinement for a period of ninety days or more was not an unusual punishment for petty offenses, tried without a jury." p. 625, 57 S.Ct. p. 662.

The Court went on to say that policy may change from generation to generation and a penalty which was once thought mild may come to be regarded as harsh. But after considering the present generally accepted standards the Court held that summary punishment of ninety days' imprisonment, permissible when the Constitution was adopted, is permissible now. The Court stated:

"A number of states have continued in force statutes providing for trial, without a jury, of violations of municipal ordinances, and sundry petty statutory offenses, punishable by commitment for three months or more.[1] Convictions

---

1. The Court in fact cites, *inter alia*, Ariz.Rev.Code (Struckmeyer, 1928) § 382 which is now A.R.S. § 9-240 providing a maximum of $300 or three months imprisonment or both, as a penalty for violation of municipal ordinances.

under such legislation have been upheld many times in the state courts, despite objections to the denial of a jury trial. In England many acts of Parliament now in force, authorizing ninety day punishments, call for summary trials." p. 628, 57 S.Ct. p. 663.

We therefore state that the severity of the penalty in this case is not such that requires a trial by jury. The answer to question number one is NO.

The next question we face is whether on appeal to the superior court, the defendant is entitled to a jury trial although he was not entitled to one in the inferior court. As provided by A.R.S. § 22-374 (1956), the appeal shall be tried de novo in the superior court. However, we find no legislative grant of a jury in such an appeal. It should be stated that an appeal to the superior court in no manner changes either the act or the law which it violates. We still have the same offense. Since the offense, though criminal in nature, falls outside the constitutional guarantee of a jury trial and involves the same act and the same law whether tried in a municipal court or before a superior court, it would be absurd to assume that a constitutional right to a jury trial arises merely by virtue of an appeal. State v. Ketterer, 248 Minn. 173, 79 N.W.2d 136 (1956); Town of Montclair v. Stanoyevich, 6 N.J. 479, 79 A.2d 288 (1951).

We therefore state that where a defendant is not entitled to a jury trial in an inferior court, such as the City Court in this case, he is not entitled to a jury on appeal in the superior court. The answer to number two is NO.

In view of our answer to question number two, it is not necessary to answer question number three.

Questions numbered one and two answered in the negative.

LOCKWOOD, V. C. J., and STRUCK-MEYER, BERNSTEIN, and SCRUGGS, JJ., concurring.