442 P.2d 167

Danny TSIPAI, Appellant,

v.

The STATE of Arizona, Appellee.

No. I CA–CIV 560.

Court of Appeals of Arizona.

June 20, 1968.

Rehearing Denied Aug. 29, 1968.

Review Denied Nov. 12, 1968.

Kenneth J. Lincoln, Flagstaff, for appellant.

Larry E. Mills, City Atty., Flagstaff, Richard K. Mangum, Asst. City Atty., for appellee.

MOLLOY, Judge.

This appeal brings into question whether there is a right to a trial by jury in a criminal prosecution for an alleged violation of a state statute in a municipal police court.

The appellant is charged with a violation of A.R.S. § 4–244(9), as amended, reading as follows:

"It is unlawful:

"9. For a licensee or other person to sell, furnish, dispose of, give, or cause to be sold, furnished, disposed of or given to a person under the age of twenty-one years, or for a person under the age of twenty-one years to buy, receive, have in his possession or consume, spirituous liquors."

The penalty for a violation of this provision is a fine of not less than $100 nor more than $300, imprisonment in the county jail for not less than thirty days nor more than six months, or both. A.R.S. § 4–246.

The appellant demanded a jury trial in the municipal court and it was denied to him. Thereafter, he applied for a writ of prohibition in the superior court and this also was denied. This appeal follows.

**4**

The denial of a writ of prohibition in the superior court is an appealable order. See State Board of Technical Registration v. McDaniel, 84 Ariz. 223, 326 P.2d 348 (1958) (pertaining to the granting of a writ of prohibition); Dotseth v. Justice Court, Tucson, Precinct No. One, 5 Ariz. App. 424, 427 P.2d 558 (1967); Peterson v. Jacobson, 2 Ariz.App. 593, 411 P.2d 31 (1966); and see Crittenden v. Municipal Court, 216 Cal.App.2d 811, 31 Cal.Rptr. 280 (1963); Collette v. Matejcek, 146 N.W.2d 156 (N.D.1966); and Kennett v. Levine, 49 Wash.2d 605, 304 P.2d 682 (1956).

The main thrust of the appellant's argument is a constitutional one, reliance being taken upon the Sixth and Fourteenth Amendments to the United States Constitution and §§ 23 and 24 of Article 2 of the Constitution of the State of Arizona, A.R.S. We deem it appropriate to base this decision upon pertinent statute. Rothweiler v. Superior Court of Pima County, 1 Ariz. App. 334, 340, 402 P.2d 1010 (1965).

On review and affirmance of the above-cited decision, our Supreme Court said:

"It does not seem reasonable that the legislature granted the police court concurrent jurisdiction over violations of state statutes with the justice court, yet intended to establish a separate procedure relating to police courts as to the right of jury trial. The offense is the same as is the penalty inflictable regardless of where tried, and we believe the procedure as to trial by jury should be identical. There is nothing which would expressly indicate a legislative intent to abrogate the right to demand a jury trial in the police court. The rule of statutory construction negating change, unless clearly expressed, leads us to the conclusion that provisions of A.R.S. §§ 22–320 through 22–326, pertaining to jury trials applies equally to trials in justice and police courts. See also, A.R.S. § 21–332; A.R.S. § 22–423; Ariz.R.Crim. P. 273.

\*   \*   \*   \*   \*   \*

"Fundamental rights should not depend upon an arbitrary choice as to the court in which they are instituted. There must be uniformity of treatment in criminal prosecutions, not depending on the place of prosecution, and this includes the right of trial by jury. The right to a jury trial should be jealously guarded and preserved by the courts, whether granted by the constitution or statutes."

100 Ariz. 37, 46–47, 410 P.2d 479, 486, 16 A.L.R.3d 1362 (1966).

*Rothweiler*, supra, determines that A.R.S. § 22–320, subsec. A pertains to both justice and police courts. This statute categorically states:

"A trial by jury *shall* be had if demanded by either the state or defendant. Unless the demand is made before commencement of the trial, a trial by jury shall be deemed waived." (Emphasis ours)

As we pointed out in our *Rothweiler* decision (1 Ariz.App. 341, 402 P.2d 1010), the right of trial by jury has been granted by the legislature in all civil actions, no matter how petty. It is, therefore, not unreasonable to find a legislative intent to accord a jury trial to those defending criminal prosecution which may result in physical incarceration. If the legislature does not intend that there be a right of trial by jury in municipal courts for violation of a state criminal statute, it should so provide, as it has done in the case of prosecutions for violation of city ordinances. See A.R.S. § 22–425.

Judgment reversed with instructions to issue an appropriate writ of prohibition.

HATHAWAY, C. J., and KRUCKER, J., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.