445 P.2d 843

**James L. O'NEILL and Elsa R. O'Neill, Petitioners,**

**· v.**

**Eugene K. MANGUM, Chief Magistrate of the City Court of the City of Phoenix; and all of the Magistrates thereof; and the City Court of the City of Phoenix; and the State of Arizona, Respondents.**

**No. 9245.**

Supreme Court of Arizona.

In Banc.

Oct. 10, 1968.

Green & Lurie, by Norman E. Green, Phoenix, for petitioners.

Robert J. Backstein, City Atty., Phoenix, by R. George Estrada, Asst. City Atty., for respondents.

UDALL, Vice Chief Justice:

Petitioner-defendants, James L. and Elsa R. O'Neill, husband and wife hereinafter referred to as defendants, each stand charged in the City Court of the City of Phoenix

with a violation of A.R.S. § 13–379,[1] Drunk and disorderly, a misdemeanor. At their arraignment on September 8, 1967 the defendants entered a plea of not guilty and demanded trial by jury. Following denial of their demand for jury trial and exhaustion of their remedies in the superior court and court of appeals, defendants filed in this court an original petition for an alternative writ of prohibition and writ of prohibition.

Defendants assert that to proceed with said trial without a jury would be a deprivation of due process of law as guaranteed by the Arizona and United States Constitutions and a denial of equal protection of the law as provided by both the Arizona and United States Constitutions.

■ Defendants' contentions are neither novel nor sustainable. It is old law that the constitutional right to trial by jury does not extend to petty offenses: Rothweiler v. Superior Court, 100 Ariz. 37, 410 P.2d 479, 16 A.L.R.3d 1362; Callan v. Wilson, 127 U.S. 540, 8 S.Ct. 1301, 32 L.Ed. 223; Cheff v. Schnackenberg et al., 384 U.S. 373, 86 S.Ct. 1523, 16 L.Ed.2d 629.

A violation of A.R.S. § 13–379, Drunk and Disorderly, is a misdemeanor. The severity of punishment to which defendants might be subjected is a maximum fine of $300.00 and/or imprisonment for a term not to exceed six months.

■ In Rothweiler v. Superior Court, supra, we said:

" * * * In determining whether a crime is a petty offense that constitutionally may be tried without a jury the severity of the penalty inflictable, as well as the moral quality of the act and its relation to common law crimes, must be considered." p. 42, 410 P.2d p. 483

We note in State v. Cousins, 97 Ariz. 105, 397 P.2d 217, that at common law the crime of drunk and disorderly was not triable by a jury, and we there found that one charged with "drunk and disorderly" under municipal code was not entitled to jury trial in municipal court where the severity of the penalty was a possible $300.00 fine or three months in prison or both.

■ Insofar as the "moral quality of the act" is concerned, in today's affluent and self-indulgent society it can hardly be suggested that one charged or guilty of mere "drunk and disorderly" conduct is a depraved and inherently base person. In and of itself the charge does not involve serious moral turpitude. We cannot hold that the moral quality of the act is a crime of such nature as warrants a jury trial as a matter of constitutional right where that right did not exist at common law.

There remains but to consider the severity of the penalty. Is the possibility of six month jail sentence on top of a $300.00 fine so severe as to remove this offense from the "petty" category? We think not.

Defendants have seen fit to assert their contentions under both the state and federal constitutions. In the federal system, petty offenses are defined as those punishable by no more than six months in prison and a $500.00 fine, 18 U.S.C. § 1; and the United States Supreme Court very recently reaffirmed its position that:

"It is doubtless true that there is a category of petty crimes or offenses which is not subject to the Sixth Amendment jury trial provision and should not be subject to the Fourteenth Amendment jury trial requirement here applied to the States. Crimes carrying possible penalties up to six months do not require a jury trial if they otherwise qualify as petty offenses, * * *." Duncan v. State of Louisiana, decided May 20, 1968. 391 U.S. 145, 88 S.Ct. 1444, 1453, 20 L.Ed.2d 491.

1. A.R.S. § 13–379. *Drunk and disorderly* Any person who appears in any public place, street, alley, or sidewalk in a drunken and disorderly condition, or lies or sleeps in any public place, or on any street, alley or sidewalk in a drunken and disorderly condition, is guilty of a misdemeanor. Added Laws 1959, Ch. 108, § 1.

In Cheff v. Schnackenberg et al., supra, it was held that prosecution for criminal contempt ending in sentence of six months was a petty offense and hence that petitioner was not entitled to a jury trial. See also Bloom v. State of Illinois, 391 U.S. 194, 88 S.Ct. 1477, 20 L.Ed.2d 522, decided May 20, 1968; District of Columbia v. Clawans, .300 U.S. 617, 57 S.Ct. 660, 81 L.Ed. 843; ᴜCallan v. Wilson, supra.

᾿ ▪ We hold that the severity of the ·possible penalty in this case is not such that requires a trial by jury.

▪ The defendants have argued that had these charges been brought before a justice court rather than before the city court they would have been entitled to a jury; and thus to allow the matter to proceed before city court without a jury is a denial of equal protection under the law. We considered and agreed with a similar question in *Rothweiler,* supra, where we said:

"Fundamental rights should not depend upon an arbitrary choice as to the court in which they are instituted. There must be uniformity of treatment in criminal prosecutions, not depending on the place of prosecution, and this includes the right of trial by jury. The right to a jury trial should be jealously guarded and preserved by the courts, whether granted by the constitution or statutes. We are convinced that this right extends to the petitioner under the offense charged." 100 Ariz. at 47, 410 P.2d at 486.

▪ In the case at bar, however, we have held that the offense charged is in that category of petty offenses not requiring a jury trial. Such is the case regardless of the forum.

The alternative writ is quashed and the permanent writ of prohibition is denied.

McFARLAND, C. J., and STRUCK-MEYER, BERNSTEIN and LOCK-WOOD, JJ., concur.