448 P.2d 92

**William J. PORTER, Petitioner,**

v.

**The SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF YAVAPAI, the Honorable Jack Ogg, Judge thereof, Respondent.**

No. 9361.

Supreme Court of Arizona.

In Banc.

Dec. 11, 1968.

R. Kelly Hocker, Tempe, for petitioner.

Eino M. Jacobson, Yavapai County Atty., Prescott, for respondent.

LOCKWOOD, Justice:

William J. Porter, hereinafter referred to as petitioner, filed a petition for writ of prohibition to prevent the Superior Court from enforcing a verdict rendered by a jury composed of only six members.

Petitioner was tried and convicted in the Justice Court of Congress-Yarnell Precinct by a six member jury on a charge of reckless driving in violation of A.R.S. § 28–693.

Pursuant to A.R.S. § 22–374, petitioner appealed to the Superior Court for a trial de novo on the alleged violation. Trial was had in the Superior Court, also by a six member jury, and petitioner was again found guilty and fined $100.00. At all times during the trial in the Superior Court, petitioner reiterated his demand for a twelve member jury without success. The record shows that there was no waiver, at any time, of petitioner's rights to a trial by a jury of the number required by both Arizona Constitution and Arizona Statutes.

The only question to be answered for a proper disposition of this petition is whether a defendant in a trial de novo in the Superior Court, after a trial by a six member jury in a court of non-record, is entitled to a six member or twelve member jury. We hold that such defendant is entitled to a twelve member jury.

The Arizona Constitution, Art. 2, § 23, A.R.S., states that "The right of trial by jury shall remain inviolate, but *provision may be made by law for a jury of a number less than twelve in courts not of record,* * * *."  (Emphasis supplied.)

The natural and necessary implication of the above section is that provision cannot be made by law for a jury of a number less than twelve in courts of record.

A.R.S. § 21–102, subsec. A states that "A trial jury in a court of record shall be composed of twelve persons * * *". (See also Rule 228, 17 A.R.S., Rules of Criminal Procedure.)

The respondent Court presents a persuasive argument. Respondent quotes from State v. Cousins, 97 Ariz. 105, at page 109, 397 P.2d 217, at page 219 (1964): "We therefore state that where a defendant is not entitled to a jury trial in an inferior court, such as the City Court in this case, he is not entitled to a jury on appeal in the superior court." Respondent argues by analogy that if the right to a jury cannot be created on appeal from a court of non-record to a court of record, then the right to a six man jury in a court of non-record cannot be increased to a right to a twelve man jury on appeal to a court of record. Respondent also contends that there is a distinction to be made when the Superior Court sits with original jurisdiction and when it sits as an appellate court, and that the provisions for a twelve member jury apply only when the Superior Court sits with original jurisdiction.

The constitutional provision and statutes regulating the *number* of jurors in a court of record do not distinguish between appellate and original jurisdiction. They only indicate that a trial jury in a court of record *shall be composed of twelve persons*. The Cousins case, supra, is not valid authority for the issue presented here. That case considered a defendant's common law right to a jury trial which was preserved in our Arizona Constitution. The present issue, concerning the *number* of jurors in a trial before a Superior Court, is regulated by statute and Constitution, and does not involve any question of how many jurors were required by the common law.

We hold that the Superior Court was wrong to afford petitioner only a six man jury rather than the twelve man jury guaranteed by both Arizona Statute and Constitution.

Remanded to the Superior Court for further proceedings not inconsistent with this opinion.

McFARLAND, C. J., UDALL, V. C. J., and STRUCKMEYER and BERNSTEIN, JJ., concur.