454 P.2d 192

The STATE of Arizona ex rel. Dino DE CON-
CINI, City Attorney of the City of
Tucson, Petitioner,

v.

CITY COURT OF the CITY OF TUCSON,
PIMA COUNTY, Arizona, Samuel Roth-
man, and all other magistrates of said
Court, Respondents;

Benjamin Charles SMITH, Real Party
in Interest.

No. 2 CA–CIV 657.

Court of Appeals of Arizona.

May 9, 1969.

Dino De Concini, City Atty., John S.
O'Dowd, City Prosecutor, City of Tucson,
Wm. E. Hildebrandt, Asst. City Prosecutor,
for petitioner.

Benjamin C. Smith, real party in interest,
in pro. per.

MOLLOY, Chief Judge.

This court has issued a special writ to
test the propriety of an order entered by
a city magistrate granting to the defendant
a jury trial in a criminal action in which
the defendant is charged with violating
two sections of our state statutes pertaining
to the operation of motor vehicles. The of-
fenses charged are that the defendant was
driving in excess of a reasonable and pru-
dent speed in violation of A.R.S. § 28–701,
as amended,[1] and failing to stop for a stop
sign in violation of A.R.S. § 28–855, as
amended.

A similar petition for special writ
to the superior court was there denied.
We have jurisdiction to test the propriety
of the order entered in the magistrate's
court by special writ under A.R.S. § 12–
120.21 subsection A, paragraph 4. Shen-
field v. City Court of City of Tucson, Pima
Co., 8 Ariz.App. 81, 443 P.2d 443 (1968).
*But see* Crouch v. Justice of Peace Court
of Sixth Precinct, 7 Ariz.App. 460, 440 P.2d
1000 (1968).

The defendant is not represented by
counsel and has filed no formal pleadings
in this court in response to the petition of
the City of Tucson asking that this court
prohibit the respondent-magistrate from
according the defendant a jury trial on
these charges. The defendant did, how-
ever, appear in person at the time that this
matter was set down for an "informal hear-
ing," in pursuance of Rule 1, Rules of the
Supreme Court, 17 A.R.S., at which time he
stated that, since receiving the two cita-
tions which are the foundation for the
charges here, he has received an additional

---

1. Citation is for driving 55 miles per hour
in a 35-mile an hour zone. Driving in
excess of a posted speed limit is not, per
se, unlawful but is prima facie evidence

that the speed is not " * * * reason-
able and prudent * * *" and there-
fore unlawful. A.R.S. § 28–701, as
amended.

citation for a traffic offense. He argued that there is a substantial probability that a conviction here will enhance the penalties which may be imposed upon him if he is found guilty of these various offenses.

The pertinent statute provides that, on a first conviction for either one of these traffic offenses, the maximum penalty is a fine of not to exceed one hundred dollars or by imprisonment for not more than ten days; for a second conviction within one year thereafter, the maximum is a fine of not more than two hundred dollars or by imprisonment for not more than twenty days, or both; and, upon a third or subsequent conviction within one year after the last conviction, a person may be punished by a fine of not more than three hundred dollars or by imprisonment for not more than six months, or both. *See* A.R.S. § 28–1031, subsec. B.

In proposing to grant defendant's request for a jury trial, the magistrate was undoubtedly following the pronouncements of this court in Tsipai v. State, 8 Ariz.App. 3, 442 P.2d 167 (1968). The reasoning employed in that opinion clearly supports the proposition that, in a criminal trial for a violation of a *state statute,* the defendant is entitled, upon demand, and as a matter of statutory right, to a jury trial. *See* A.R.S. § 22–320, subsec. A.

Though I am still impressed with the validity of the reasoning employed in *Tsipai,* I cannot reconcile it with a subsequent decision of our Supreme Court, O'Neill v. Mangum, 103 Ariz. 484, 445 P.2d 843 (1968). Though the statutory language

granting the right of a jury trial to either the State or the defendant is explicit [2] and though historically jury trials have been allowed in the justice court for any violation of criminal statute,[3] nevertheless, our Supreme Court in the *O'Neill* decision appears to have limited this statutory guarantee of a jury trial to whatever the constitutional guarantee of a jury trial may be. As we understand this decision, its denial of a right to a jury trial pertains to both the justice and police courts:

"In the case at bar, however, we have held that the offense charged is in that category of petty offenses not requiring a jury trial. *Such is the case regardless of the forum."* (Emphasis added) 103 Ariz. at 486, 445 P.2d 845.

Porter v. Superior Court in and for Co. of Yavapai, 104 Ariz. 36, 448 P.2d 92 (1968), which involved a reckless driving charge, does not purport to change the rule of *O'Neill.* This decision allows a demand for a twelve-man jury on appeal to the superior court and it would appear that the possible penalty for reckless driving[4] is not sufficiently grave so as to give a constitutional right of jury trial under the test of *O'Neill.* Though *Porter* was concerned with a trial in the superior court, and not in an inferior court, as here, it can be argued that its holding is pertinent in view of the categorical pronouncement of our Supreme Court that:

" * * * where a defendant is not entitled to a jury trial in an inferior court, such as the City Court in this case, he is

2. A.R.S. § 22–320, subsec. A reads in part: "A trial by jury *shall* be had if demanded by either the state or defendant." (Emphasis added)

3. A recorded innuendo of this practice can be found in the language employed by our Supreme Court in State v. Shearer, 27 Ariz. 311, 232 P. 893 (1925), in which the court answered the contention that a jury was such an integral part of a justice of the peace court so that trial by jury in that court could not be waived by the defendant. Though the contention was rejected, it was assumed

by the court that section 1318, Penal Code of 1913 (the predecessor to A.R.S. § 22–320, subsec. A) granted a right of jury trial to the accused. (27 Ariz. at 315, 232 P. 893.) The charge tried in *Shearer* was that of permitting sheep or goats to be herded on the land of another, a misdemeanor. Section 639, Penal Code of 1913.

4. Incarceration for not less than five nor more than ninety days, or by fine of not less than one hundred nor more than three hundred dollars, or both. A.R.S. § 28–693, as amended.

not entitled to a jury on appeal in the superior court."

State v. Cousins, 97 Ariz. 105, 109, 397 P. 2d 217, 219 (1964).

However, our construction of *Porter* is that it is not intended to modify the law of either *Cousins* or *O'Neill* but to answer only the question of whether, *if* a jury trial is to be had on appeal to the superior court, a six or a twelve-man jury is proper:

"The only question to be answered for a proper disposition of this petition is whether a defendant in a trial de novo in the Superior Court, after a trial by a six member jury in a court of non-record, is entitled to a six member or twelve member jury." 448 P.2d at 92.

Hence, we do not consider *Porter* to be pertinent here. Under the test of *O'Neill,* the offenses here charged are clearly "petty," both from the standpoint of the possible penalty and the social stigma attached. Therefore, reluctantly,[5] I accept the law to be that the real party in interest here has no right to a jury trial as to these offenses.

The question remains whether the respondent-magistrate may, as a matter of discretion, grant a jury in a case not trialbe of right in this manner. Applicable city ordinance provides:

"*In the trial of offense for the violation of* the charter and ordinances of the city and the *laws of the State of Arizona* which are within the jurisdiction of the city court, and which by common law were not triable before a jury, *no jury trial shall be granted.* \* \* \*" (Emphasis added)

Tucson Code Ch. 8, Article I, Sec. 10.

■ It is our present view [6] that this provision does not run counter to any state statute, and that the power to adopt this restriction is within those granted to the city council. *See* particularly Ch. VII § 1(2) and Ch. XII § 9, Charter of the City of Tucson. We see no intent in our state statutes, particularly when viewed in the light of the O'Neill decision, to have "\* \* appropriated the field \* \* \*" as to the control of the magistrate's discretion in granting a jury trial. *See* Clayton v. State, on rehearing, 38 Ariz. 466, 468, 300 P. 1010 (1931). At least one similar ordinance denying a jury trial has been upheld in an analogous constitutional and statutory setting. Knudsen v. City of Anchorage, 358 P.2d 375, 380 (Alaska 1960).

It appearing, therefore, that there is no right of trial by jury, either under statute or constitution, and that applicable ordinance forbids trial in this manner, it is therefore ordered that the alternative writ heretofore issued be made permanent.

NOTE: Judge HERBERT F. KRUCKER having requested that he be relieved from

---

5. The present state of our law would appear to be that, in a civil case in the justice court, no matter how "petty," the litigants have a right to a jury trial, A.R.S. § 22–220, and, if the amount in controversy exceeds twenty dollars, A.R.S. § 22–261, to a new trial by jury on appeal to the superior court. *See* Horne v. Superior Court, 89 Ariz. 289, 361 P.2d 547 (1961). Conversely, as to criminal charges which may result in incarceration for as much as six months, there is no right to even one jury trial unless the charge involves "\* \* \* serious moral turpitude." O'Neill, 103 Ariz. at 485, 445 P.2d at 844.

6. In Rothweiler v. Superior Court of Pima County, 1 Ariz.App. 334, 341, 402 P.2d 1010, 1017 (1965), this court took the view that, in addition to A.R.S. § 22–320, subsec. A, there was a right to a jury trial in a magistrate's court under A.R.S. § 22–423, which adopts for the police courts the Rules of Criminal Procedure for the superior court, 17 A.R.S., "\* \* \* when not otherwise prescribed." As we pointed out in that opinion, the only state statute otherwise prescribing is A.R.S. § 22–425, which denies a right of jury trial for violation of a municipal *ordinance.* The above-quoted provision of the Tucson City Code did not come to our attention at the time *Rothweiler* was written. Though this decision was "affirmed" by the Supreme Court, Rothweiler v. Superior Court of Pima County, 100 Ariz. 37, 47, 410 P. 2d 479, 486, 16 A.L.R.3d 1362 (1966), it is our view that this portion of our opinion is not in harmony with the views of *O'Neill,* and must be considered as overruled.

consideration of this matter, Judge GORDON FARLEY was called to sit in his stead and participate in the determination of this decision.

GORDON FARLEY, Superior Court Judge (specially concurring).

While I agree generally with the conclusions reached by Judge MOLLOY, that no right of trial by jury is available to the real party in interest under the circumstances in this case, since I do not have any reluctance for the reasons hereinafter noted in reaching such conclusions, I think it appropriate to state briefly matters that I deem pertinent to a proper resolution of the issue presented.

The City Attorney has suggested, and I think properly so, that judicial notice should be taken that defendants are rarely —if ever—sentenced for a first offense to any imprisonment in moving traffic violations, but merely are subjected to the payment of a fine. Consequently, no question of the seriousness of the penalty should be involved.

Practical considerations furthermore require our adherence to the rule announced, in O'Neill v. Mangum, limiting jury trials to serious offenses. The petitioner has pointed out that there are approximately 3,600 cases of petty traffic offenses alone set for trial each year. If jury trials were requested in just ten percent of such cases, in addition to the normal case load of the City Court, the resulting delay in the disposition of cases, apart from any consideration of the expense and inconvenience to jurors, litigants, and the Court, compels my wholehearted endorsement of the reasoning in O'Neill v. Mangum.

While theoretically the interpretation placed upon statutory and constitutional provisions should be upon a basis without regard to practical consequences in most cases, it is my feeling that the Court should not ignore the vast problem that would be presented in the administration of justice if carte blanche authority is granted every minor traffic offender to request a jury trial.

With the exceptions hereinabove noted, I respectfully concur in the conclusions reached by Judge MOLLOY.

HATHAWAY, Judge (dissenting):

The clear and mandatory language of A.R.S. § 22–320, subsec. A provides that "A trial by jury *shall be had* if demanded by either the state or defendant."[1] (Emphasis added) Our Supreme Court stated that " * * * A.R.S. §§ 22–320 through 22–326, pertaining to jury trials applies equally to trials in justice and police courts." Rothweiler v. Superior Court of Pima County, 100 Ariz. 37, 46, 410 P.2d 479, 486, 16 A.L.R.3d 1362 (1966). There, the court also held that the right to jury trial could not be made to depend upon the forum selected for prosecution. The court did not detract from the right given in justice court, but threw out the limitation which deprived of equal protection of the laws in police courts. In O'Neill v. Mangum, 103 Ariz. 484, 445 P.2d 843 (1968), the decision was based on the constitutional right to jury trial and did not discuss the statutory right.

As our Supreme Court has said, "The right to a trial by jury in any case is a most substantial right and, where it has been given its observance should be rigidly enforced." Brown v. Greer, 16 Ariz. 215, 141 P. 841 (1914). That it is a substantive right is recognized in Knudsen v. City of Anchorage, 358 P.2d 375 (Alaska 1960). The importance of the right is reflected in the Supreme Court's attitude expressed in *Rothweiler* and repeated in *O'Neill:*

"The right to a jury trial should be jealously guarded and preserved by the

---

1. The only exception appearing in the statutes is set forth in A.R.S. § 22–425:
   "A. In the trial of offenses for violation of ordinances of cities or towns of such a nature as by the common law were not triable before a jury, no jury trial shall be granted."
   * * * * *

courts, whether granted by the constitution or statutes."

We cannot disregard the imperative mandate of the statute which affords the right without concern for the seriousness of the offense. Our duty is to see that the legislative intent, as expressed in the statute, is realized. It is not reasonable to conclude that the legislature would afford a jury trial in a civil proceeding where a minor economic consideration may be involved and deny it in a criminal proceeding arising out of the same transaction, but where a party's liberty may be at stake.

I respectfully suggest that the Alternative Writ of Prohibition should be quashed.