531 P.2d 1138

**Sidney Jay GOLDMAN, Petitioner,**

**v.**

**The Honorable Harold L. KAUTZ, Judge of the City Court, City of Phoenix, Maricopa County, Arizona, the Hon. Paul W. La-Prade, Judge of the Superior Court, Maricopa County, Arizona; and the STATE of Arizona, Real Party in Interest, Respondents.**

**No. 11823.**

Supreme Court of Arizona, In Banc.

Feb. 13, 1975.

Hash, Cantor & Tomanek by Terry B. Kiser, Phoenix, for petitioner.

Joe R. Purcell, Phoenix City Atty. by Michael D. House, Asst. City Atty., Phoenix, for respondents.

432

STRUCKMEYER, Vice Chief Justice.

In this special action, petitioner seeks to compel the Honorable Harold L. Kautz, Judge of the City Court of the City of Phoenix, to grant him a trial by jury on the charge of simple assault and battery. We accepted jurisdiction pursuant to the Constitution of Arizona, Article 6, § 5, A. R.S., and Rule 2 of Special Actions, Rules of Procedure, 17A A.R.S. After further consideration, we have concluded that the petition should be ordered dismissed and it is so ordered.

Petitioner was charged in the City Court of the City of Phoenix with willfully and unlawfully using force and violence on the person of another, a violation of a state statute, A.R.S. § 13–241(B). He timely requested a jury trial, which was denied by the respondent, Judge Kautz. He then petitioned the Superior Court of Maricopa County, asking for a jury trial which was denied, and this special action was brought.

■ The denial of a jury trial for offenses the punishment for which does not exceed a $300 fine nor six months in jail does not present a federal constitutional question. Baldwin v. New York, 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437 (1970); Duncan v. Louisiana, 391 U.S. 145, 88 S. Ct. 1444, 20 L.Ed. 491 (1968). Nor does the Arizona Constitution, Article 2, § 23, reading: "The right of trial by jury shall remain inviolate." require a jury trial in petty offenses. Rothweiler v. Superior Court, 100 Ariz. 37, 410 P.2d 479 (1966); State v. Cousins, 97 Ariz. 105, 397 P.2d 217 (1964).

■ Justices of the peace had jurisdiction at the common law before 1776 to punish simple assaults and simple assaults and batteries summarily without indictment and without trial by jury. State v. Maier, 13 N.J. 235, 99 A.2d 21 (1953). Absent other constitutional requirements, a defendant who did not have the right to trial by jury at the common law does not have the right to such a trial in Arizona under state law for violations of state offenses. O'Neill v. Mangum, 103 Ariz. 484, 445 P. 2d 843 (1968).

■ Petitioner relies on A.R.S. § 22–320, arguing that he is entitled to a jury trial if he demands it. Section 22–320 provides:

"A trial by jury shall be had if demanded by either the state or defendant. Unless the demand is made before commencement of the trial, a trial by jury shall be deemed waived."

We do not think the quoted section grants a substantive right, but, rather, was intended to be procedural and must be read as meaning that a trial by jury shall be had if demanded *in cases where a jury trial is appropriate*. If the Legislature intended to grant a jury trial in every case, it would have no doubt said so in plain, explicit language.

The foregoing would be sufficient answer to petitioner's position were the question presented for the first time to this Court. But this is not the first time we have been called upon to examine into the question propounded. In O'Neill v. Mangum, *supra*, we considered whether a defendant charged with drunk and disorderly, a misdemeanor and a violation of A.R.S. § 13–379, was entitled to a jury trial. There we said:

"Defendant's contentions are neither novel nor sustainable. It is old law that the constitutional right to trial by jury does not extend to petty offenses." 103 Ariz. at 485, 445 P.2d at 844.

and concluded that the offense charged was one which was within the category of petty offenses not requiring a jury trial.

This is not such a case as dictates the overruling of a former precedent. It is to be acknowledged the law should grow and the doctrine of stare decisis should not require a slavish adherence to authority where new conditions require new rules of conduct. However, petitioner does not argue either that conditions have changed or that experience has demonstrated the original decision was wrong. *See* Leflar, Robert A., Appellate Judicial Opinions, The Overruling Process, Chapter 6, pages 133, et seq. (1974). As Leflar points out, the overruling of a former decision with-

out expressing the reasons for departing from the doctrine of stare decisis carries with it a certain uneasiness because it is an assumption by the present court that it has obtained a knowledge and wisdom denied its predecessors.

Petitioner argues that this is a crime involving moral turpitude and therefore requires a trial by jury. We are not convinced, however, that simple battery involves any appreciable degree of moral turpitude in American society today.

While there is considerable discussion in the briefs concerning whether the ordinances of the City of Phoenix require a jury trial had petitioner been charged with a violation of a city ordinance, we do not find it necessary to answer that question. Petitioner was charged under the state law and whether he could have had a jury trial under a charge of violating a city ordinance is a question we do not need to reach here.

HAYS and HOLOHAN, JJ., concur.

LOCKWOOD, J., did not participate in the determination of this matter.

CAMERON, Chief Justice (dissenting).

I regret that I must dissent. I believe that the defendant in the instant case is entitled to a trial by jury for the following reasons.

1. Art. 2, § 24 of the Arizona Constitution reads as follows:

"In criminal prosecutions, the accused shall have the right * * * to have a speedy public trial by an impartial jury of the county in which the offense is alleged to have been committed * * *."

This is a criminal case, a violation of the State's criminal statute, and I believe the Arizona Constitution gives him the right to a trial by jury.

2. I do not believe that A.R.S. § 22-320 is merely a procedural statute. It reads:

"A trial by jury shall be had if demanded by either the state or defendant. * * *"

The rest of the statute does provide the procedure to be followed, but the statement "A trial by jury shall be had" indicates the grant of a right to a jury trial in criminal cases. In this regard I agree with Judge Hathaway in his dissent in State ex rel De Concini v. City Ct. of Tucson, 9 Ariz.App. 552, 454 P.2d 192 (1969):

"The clear and mandatory language of A.R.S. § 22-320, subsec. A provides that 'A trial by jury *shall be had* if demanded by either the state or defendant.' (Footnote omitted) (Emphasis added) Our Supreme Court stated that '* * * A.R.S. §§ 22-320 through 22-326, pertaining to jury trials applies equally to trials in justice and police courts.' Rothweiler v. Superior Court of Pima County, 100 Ariz. 37, 46, 410 P.2d 479, 486, 16 A.L.R.3d 1362 (1966). There, the court also held that the right to jury trial could not be made to depend upon the forum selected for prosecution. The court did not detract from the right given in justice court, but threw out the limitation which deprived of equal protection of the laws in police courts. In O'Neill v. Mangum, 103 Ariz. 484, 445 P.2d 843 (1968), the decision was based on the constitutional right to jury trial and did not discuss the statutory right.

"As our Supreme Court has said, 'The right to a trial by jury in any case is a most substantial right and, where it has been given its observance should be rigidly enforced.' Brown v. Greer, 16 Ariz. 215, 141 P. 841 (1914). * * *" State ex rel De Concini, supra, at 525, 454 P.2d at 195.

3. Other statutes also indicate a legislative intent to allow for a jury trial for the violation of the State criminal code. A.R.S. § 13-161, for example, reads as follows:

"In criminal action defendant is entitled:

"1. To have a speedy public trial by an impartial jury of the county in which the

offense is alleged to have been committed."

And A.R.S. § 13–1592:

"An issue of fact arises in a criminal action upon a plea of not guilty, * * * and the issue of fact shall be tried by a jury."

Also juries are allowed in civil proceedings in the justice court:

"B. Either party may demand a jury at any time before trial, and if not then demanded, trial by jury shall be deemed waived." A.R.S. § 22–220.

It is inconceivable that the legislature would allow a jury trial in civil trials involving even a small sum of money and yet intend to deny that right to a criminal defendant who faces up to six months loss of liberty and may result in severe economic consequences to the defendant. I agree with the Court of Appeals in its statement:

"As we pointed out in our *Rothweiler* decision (1 Ariz.App. 341, 402 P.2d 1010), the right of trial by jury has been granted by the legislature in all civil actions, no matter how petty. It is, therefore, not unreasonable to find a legislative intent to accord a jury trial to those defending criminal prosecution which may result in physical incarceration. If the legislature does not intend that there be a right of trial by jury in municipal courts for violation of a state criminal statute, it should so provide, as it has done in the case of prosecutions for violation of city ordinances. See A.R.S. § 22–425." Tsipai v. State, 8 Ariz.App. 3, 4, 442 P.2d 167, 168 (1968).

I do not believe that a proper respect for stare decisis demands that we adhere to previous cases which have been incorrectly decided. I would grant the relief requested.