[No. 13463.  Department Two.  June 23, 1916.]

SIMPSON LOGGING COMPANY, *Respondent*, v. CHEHALIS COUNTY (NOW GRAYS HARBOR COUNTY), *Appellant*.[1]

TAXATION—ASSESSMENT—REVIEW—JUDGMENT — CONCLUSIVENESS—STATUTES. A judgment correcting an excessive valuation for an even numbered year and fixing the correct valuation, becomes the assessed valuation for the following year, and is final and binding upon the board of equalization, under Rem. & Bal. Code, § 9101, providing that the assessed valuation of real property for taxation in even numbered years shall remain the assessment in odd numbered years, where there are no changed conditions.

Appeal from a judgment of the superior court for Grays Harbor county, Frater, J., entered December 6, 1915, in favor of the plaintiff upon the pleadings, in an action for equitable relief, tried to the court. Affirmed.

*J. E. Stewart, O. M. Nelson,* and *A. Emerson Cross,* for appellant.

*W. H. Abel,* for respondent.

PARKER, J.—The plaintiff seeks reduction of taxes charged against certain of its timber lands in Grays Harbor county, formerly Chehalis county, for the year 1913, and having tendered to the county treasurer in payment of the taxes an amount which it contends is the full amount justly due there-

[1]Reported in 158 Pac. 342.

for, seeks a judgment requiring the county treasurer to accept the amount so tendered in full payment of the taxes upon its lands for that year. Judgment being rendered by the superior court in favor of the plaintiff as prayed for, the defendant has appealed to this court.

Judgment was rendered in favor of the logging company upon the pleadings, wherein admitted facts appear which we regard as controlling the respective rights of the parties, as follows: The logging company's lands being assessed in the spring of 1912, and conceiving itself to be aggrieved by the assessment so made, in February, 1913, it commenced an action in the superior court seeking a reduction of its taxes computed by the county officers upon that assessment, alleging as grounds therefor that the assessment was excessive, being arbitrarily and capriciously so made. That action resulted in judgment in favor of the logging company, rendered by the superior court in August, 1913, wherein the superior court found and recited in the judgment, among other things, the following:

"That the fair market value of said lands for purposes of taxation on March 1, 1912, was the amounts severally set opposite said described lands in column four, and that the amount of tax justly chargeable against said several described tracts of land for the year 1912, based on said fair valuation of both land and timber, was the amounts severally set opposite of said described lands in column five thereof."

The reference in this quotation is to a tabulated statement embodied in the judgment. This judgment was appealed from and affirmed by this court. *Simpson Logging Co. v. Chehalis County*, 80 Wash. 245, 141 Pac. 344. The taxes for the year 1912 were paid and satisfied accordingly. Real property not being assessed in odd numbered years (Rem. & Bal. Code, § 9101), there was no assessment of the logging company's lands in the year 1913, the taxes for which year are here in question. In listing the logging company's lands for the year 1913, the county officers adopted the same valu-

ation fixed by the assessment as made in the spring of 1912, which assessment was held by the judgment of the superior court above quoted from to be excessive, the county officers ignoring that judgment in listing the logging company's lands in 1913. In the fall of 1913, the logging company appeared before the county board of equalization and requested that the assessment of its lands be reduced upon the tax records for that year in accordance with the judgment of the superior court to the end that the taxes for that year be computed upon the true valuation of 1912 as determined by the judgment of the superior court. This the board refused to do, so the taxes of 1913 were computed upon the assessment made by the county officers in 1912, which the superior court had determined to be excessive, finding in its judgment the fair market value of the lands for the purpose of taxation in that year. No facts are pleaded showing that the county board of equalization changed the valuation of the logging company's lands from that fixed as the assessed valuation in 1912 because of the making of any improvements thereon, nor is it claimed that there is any such cause for change in the assessed valuation of the lands for the year 1913.

Section 9101, Rem. & Bal. Code, touching the assessment of real property in even numbered years and the grounds upon which such assessment may be increased or lowered in odd numbered years, reads as follows:

"All real property in this state subject to taxation shall be listed and assessed under the provisions of this chapter in the year nineteen hundred and biennially thereafter on every even numbered year, with reference to its value on the first day of March preceding the assessment. . . . Provided further, that real estate becoming subject to taxation since the last assessment, and improvements upon real estate made since the last assessment, shall be assessed and included in the assessment list and tax-roll in every odd-numbered year: And provided further, that the destruction or removal of improvements since the last preceding assessment shall be duly

noted by the county assessor, and the assessment and tax-rolls herein provided made to conform to such changes: Provided further, that all real estate subject to taxation shall be listed by the assessor in each year in the detailed and assessment list, and in each odd numbered year the valuation of each tract for taxation shall be the same as the valuation thereof as equalized by the county board of equalization in the preceding year."

The provisions of this section render it plain that the assessments of real property made in even numbered years remain the assessments of such property in odd numbered years, except when such assessments are changed for the causes specified in this section, with which causes we have nothing to do in this case. Therefore, whatever the correct assessed valuation of the logging company's lands may have been for the year 1912, that would be the assessed valuation of the lands for the year 1913. It would seem to follow as a matter of course that, when it is judicially determined that the correct assessed valuation of the logging company's lands for the year 1912 were certain amounts upon the respective tracts, those valuations necessarily became the assessed valuation of the lands for the year 1913. It therefore seems quite plain to us that the judgment of the superior court determining the assessed valuation of the logging company's lands for the year 1912 was in effect an adjudication of what the assessment of those lands would be for the year 1913 in the absence of changed conditions, to wit, the making, destruction or removal of improvements calling for a different valuation for the year 1913. No such changed conditions affecting the valuation of the logging company's lands appearing in this case, we conclude that it is entitled to pay and satisfy taxes chargeable against its lands upon the same basis, so far as assessed valuation is concerned, as for the year 1912.

Some contention is made that the trial court erred in rejecting the county's third amended answer. This answer,

which is in the record before us, does not plead any facts showing cause for change in the valuation of the logging company's lands in the year 1913 from the valuation as determined by the superior court for the year 1912, nor does it show any attempt on the part of the board of equalization to make such change. The facts pleaded therein amount to nothing more than an attempt to relitigate the matters determined by the judgment of the superior court fixing the assessed valuation of the logging company's lands for the year 1912. Clearly this is no defense, that judgment being final upon that question.

The judgment is affirmed.

MORRIS, C. J., HOLCOMB, BAUSMAN, and MAIN, JJ., concur.