## DETERMINED IN THE

# SUPREME COURT

### OF

# WASHINGTON

[No. 14268.   Department Two.   August 17, 1917.]

NORTHWESTERN IMPROVEMENT COMPANY, *Appellant,* v.
R. G. MCNEIL *et al., Respondents.*[1]

APPEAL—SUPERSEDEAS—BY SUPREME COURT—INJUNCTION. The su-
preme court, in aid of its appellate jurisdiction, will grant a super-
sedeas pending an appeal from a judgment dismissing a taxpayer's
action and dissolving a temporary injunction to restrain a county
from executing a contract, alleged to be *ultra vires,* calling for the
expenditure of very considerable sums of the county's money prior
to the time when an appeal can be heard on the merits, where the
same will not injuriously affect the rights of the county; since the
order is necessary to preserve the fruits of the appeal.

Application filed in the supreme court June 28, 1917, for a
writ of supersedeas.   Granted.

*Geo. T. Reid, J. W. Quick, L. B. da Ponte,* and *C. A. Mur-
ray,* for petitioner.

*Arthur McGuire* and *Harry E. Phelps,* for respondents.

FULLERTON, J.—This is an application made to this court
by the appellant for a writ of supersedeas pending the hear-
ing of the appeal upon its merits.   The pertinent facts are
these:   Under date of April 7, 1917, the respondent board
of county commissioners of Kittitas county entered into a
contract with the respondent Tarr, whereby Tarr was em-

¹Reported in 167 Pac. 115.

ployed by the county "to make a complete and accurate expert geological investigation and examination of the lands of Kittitas county, Washington, for the purpose of locating all the coal lands therein for tax assessment purposes, and to list all improvements and appliances provided for or used in mining for coal in said county, and to make and file in the office of the assessor of Kittitas county, Washington, in triplicate, maps and written report giving geological data and coal values in practical form and detail for assessment purposes, by forty-acre tracts according to government subdivisions, of all lands in said Kittitas county, Washington, carrying commercial coal in such quantity as to make them valuable for general taxation purposes, and to make and give, upon demand, such additional report, data or information in connection therewith as may be demanded by first party, said investigation to be completed and all maps and reports to be filed with said county assessor by the 15th day of July, 1917."

For the services to be rendered, the county agreed to pay Tarr the sum of $3,500 in the manner following: $500 on the execution of a bond from Tarr to the county, provided for in the contract; $1,000 on June 1, 1917; $1,000 on the filing of the completed report required by the contract; $1,000 on January 1, 1918. The contract further provided that Tarr should furnish to the proper officers of the county all necessary data for evidence, together with his personal testimony, and such assistance, counsel, and advice as might be necessary in sustaining the valuations made by him on the property experted, in the event of any suit or action involving the valuations for taxation purposes of such lands. For this last service he is to receive only his actual expenses if the service was required before January 1, 1919; but if required after that date he is to receive, in addition to his actual expenses, the sum of $50 per day for each day he is actually engaged therein. On May 25, 1917, the appellant North-

western Improvement Company, as a taxpayer in Kittitas county and as the owner of certain of the lands coming within the terms of the contract, began an action in the superior court of Kittitas county against the county commissioners, Tarr, and the county treasurer of the county named, to enjoin the execution of the contract on the ground that it was *ultra vires* the county and against public policy. On filing the complaint, the appellant sought a temporary restraining order pending a hearing on its application for an injunction *pendente lite* made at the same time. The restraining order was granted, and a time fixed for hearing the application for an injunction *pendente lite*. At the time appointed, the respondents appeared and filed a general demurrer to the complaint, together with certain affidavits intended to show that the issuance of a temporary injunction would be improvident. The trial court heard the demurrer with the application, and at the conclusion of the hearing sustained the same. The appellant thereupon refused to plead further, and the court entered a judgment dissolving the restraining order and dismissing the action.

The application for a supersedeas was made to this court after the appeal had been perfected. The application was *ex parte*, and a temporary order was issued pending a hearing upon notice. The question now before us is whether the order shall be continued pending the adjudication of the merits of the appeal.

That this court has inherent power to grant, in aid of its appellate jurisdiction, writs of this character is settled law in this jurisdiction. *Bier v. Clements*, 95 Wash. 505, 164 Pac. 82; *Campbell Lumber Co. v. Deep River Logging Co.*, 68 Wash. 431, 123 Pac. 596. The power, however, is one that will be exercised with caution, and only in those cases where such an order is necessary to preserve the fruits of the appeal in the event that the appeal should prove successful. The appellant contends, we think justly, that the present

record presents such a case. The contract calls for the expenditure of very considerable sums of the county's money, which will, from the very fact of payment, increase the burden to be borne by the taxpayers of the county. If the payment be unlawful, a supersedeas is the only effective remedy. By the terms of the contract, a considerable portion of the money is to be paid prior to the time the merits of the appeal can be heard in this court. It may be that the receiver of the money and the officers who caused its wrongful payment would be liable for its return; but conceding this to be so, the injured parties ought not to be relegated to the remedy of an action to recover unless the exigencies of the case necessarily demand it.

On the other side, it is argued that the county commissioners are convinced that a large part of the property of the character the expert is hired to investigate is grossly undervalued on the assessment books of the county, rendering valuations generally unequal and ununiform, and that through this means the property can be more equally valued and taxation rendered more equal and uniform, a consummation which will be denied if their hands are to be stayed until the cause is determined in this court. But in this state, by statute, the real property of the several counties is valued for the purposes of taxation biennially on the even numbered years with reference to its value on the first day of March in such years, and to quote the language of the statute, "in each odd numbered year the valuation of each tract for taxation shall be the same as the valuation as equalized by the county board of equalization in the preceding year." Rem. Code, § 9101. Seemingly, therefore, the data returned could not be available for any change in the assessment for the year 1917. See *Simpson Logging Co. v. Chehalis County*, 91 Wash. 656, 158 Pac. 342. The appeal, we think, can be disposed of in time to make the matter obtained available for the assessment to be made in the year 1918.

It is true the contract calls for a list of "all improvements and appliances provided for or used in mining coal," and it may be that certain of such property is personal, which is subject to assessment and equalization during the year 1917. But such property is within the reach of the county assessor, and is not of such an extraordinary character that it cannot be valued accurately in the usual way, without danger of a loss of revenue to the county.

On the hearing, the merits of the controversy were to some extent made a subject of inquiry by counsel for the respective parties, making it necessary for us here to disclaim prejudging them. We have inquired into the merits only so far as to conclude that the question presented is debatable, and that a more full consideration of the case should be had before a final decision is reached.

The supersedeas heretofore issued will be continued in force and effect until the final disposition of the cause by this court.

ELLIS, C. J., MOUNT, HOLCOMB, and PARKER, JJ., concur.