[No. 16084.    Department Two.    March 31, 1921.]

GRAYS HARBOR COMPANY, *Respondent,* v. GRAYS HARBOR COUNTY, *Appellant.*[1]

TAXATION (89)—ASSESSMENT—EQUALIZATION—CHANGE OF VALUATION. A county board of equalization has power under Rem. Code, § 9200, to equalize valuations of property annually, and may in an odd-numbered year increase the valuation made by the assessor, notwithstanding Rem. Code, § 9101, restricts valuations by the assessor to even numbered years, and provides that "in each odd-numbered year the valuation of each tract for taxation shall be the same as the valuation thereof as equalized by the county board of equalization in the preceding year."

Appeal from a judgment of the superior court for Grays Harbor county, Abel, J., entered June 1, 1920, in favor of the plaintiff, upon overruling a demurrer to the complaint, in an action to secure a reduction of taxes assessed against tide lands. Reversed.

*J. E. Stewart,* for appellant.

*F. L. Morgan,* for respondent.

[1]Reported in 196 Pac. 589.

MITCHELL, J.—The judgment of the trial court in this case was entered on the pleadings. The pleadings show that plaintiff's real property was valued by the board of equalization in the year 1918 at the same amount as that returned by the assessor for that year, and that there was no change in the property by way of improvements during the years 1918 and 1919, although taxes were levied upon a higher valuation for the year 1919. By a successful demurrer to the answer, it is admitted that, at the regular session of the 1919 board of equalization, it was decided by the board that the values placed upon the property in 1918 were too low and less than that placed upon other like property similarly situated, and that the board served upon the plaintiff due and legal notice of its intentions to raise the values of plaintiff's property for taxation purposes for the year 1919, and that, in response to the notice, plaintiff appeared before the the board, and after a hearing had upon the proposed increase, the valuation was raised for the year 1919. The defendant refused to plead further, and judgment was entered in favor of the plaintiff to the effect that the increase made by the board in 1919 was unauthorized in the law. The county has appealed.

Counsel for both parties say that the only question in the case is "whether or not a county board of equalization has power to increase or change real estate values in odd-numbered years." That is to say, it is a question of power, not that the power has been abused if it existed. The determination of the case depends upon the revenue and taxation statutes. Terms used in the statutes must not be confused. The difference between an act of the assessor in assessing property for the purpose of taxation and an act of the board in equalizing valuations must be recognized. There hav-

ing been no change in the actual value of the property by way of improvements during the years 1918 and 1919, the assessor had no authority in the law to make any new valuation of it for taxation purposes in the odd-numbered year. Indeed, no new valuation of it was made by the assessor for the year 1919, but it was listed by him that year at the same valuation placed upon it by both himself and the board of equalization in the year 1918, as required of him by Rem. Code; § 9101. It was the board of equalization that increased the valuation in 1919, upon proper notice to the owner.

Section 9101, Rem. Code, under the title of "Listing and Assessment of Property," chapter III of the taxation law, provides:

"All real property in this state subject to taxation shall be listed and assessed under the provisions of this chapter in the year 1900 and biennially thereafter on every even-numbered year, with reference to its value on the first day of March preceding the assessment. . . . . Provided further, that all real estate subject to taxation shall be listed by the assessor each year in the detailed and assessment list, and in each odd-numbered year the valuation of each tract for taxation shall be the same as the valuation thereof as equalized by the county board of equalization in the preceding year."

The respondent contends that the words,

"and in each odd-numbered year the valuation of each tract for taxation shall be the same as the valuation thereof as equalized by the county board of equalization in the preceding year"

are equivalent to saying the tax levy in the odd-numbered year must be imposed upon that valuation, without any power in the board to make any change. Such would be the result if those words were contained in § 9200, Rem. Code, chapter VIII of the taxation law, defining the duties of the board of equalization. But,

placed as they are in the section defining the duties of
the assessor, they must be considered with reference to
the duties of that officer; and in considering all that por-
tion of the section first quoted herein, it is obvious that,
for taxation purposes, it is the duty of the assessor to
make out each year a detailed and assessment list of all
real property subject to taxation, and that, in each
even-numbered year, he is required to assess each tract
for taxation purposes; that is, he is required to exercise
and express his judgment of its value, while as to each
odd-numbered year, where there has been no change in
the actual value of the property, he exercises no judg-
ment as to its value, but simply takes and expresses
the value of each tract as equalized by the county board
of equalization in the preceding year.

On the other hand, Rem. Code, § 9200, prescribes the
duties of the county board of equalization. It provides
they shall meet in open session annually on the first
Monday in August, and having each taken an oath
fairly and impartially to perform their duties, they
shall compare the returns of the assessment of the
property of the county and proceed to equalize the
same, so that each tract or lot of real property and
each article or class of personal property shall be
entered on the assessment list at its true and fair value,
according to the measure of value used by the county
assessor in such assessment year and subject to the
following rules:

"First. They shall raise the valuation of each tract
or lot of real property which in their opinion is re-
turned below its true and fair value to such price or
sum as they believe to be the true and fair value thereof,
after at least five days' notice shall have been given
in writing to the owner or agent."

It appears from the plain provisions of this statute
that the jurisdiction of the board covers each and every

tract or lot of real property whether the assessments returned to the board and upon which it acts were arrived at by the assessor in the exercise of his judgment as to values in even-numbered years, or, as a matter of course, in odd-numbered years, by the valuations as equalized by the board of equalization in the preceding year.

This view seems to have been adopted by this court in discussing the powers of the state board of equalization, in the case of *State ex rel. Thompson v. Nichols,* 29 Wash. 159, 69 Pac. 771, because the powers of that board are similar in this respect to the powers of the county board of equalization. The case of *Doty Lumber & S. Co. v. Lewis County,* 60 Wash. 428, 111 Pac. 562, Ann. Cas. 1912B 870, was similar to the present one. It was a case that arose in an odd-numbered year and in which the county commissioners were of the opinion that certain lands were not bearing their just proportion of the burdens of taxation. When the county commissioners, sitting as a board of equalization, met in August they gave the owner notice of a proposed increase in the assessed valuation of its lands. Upon the appearance of the owner, a hearing was had that resulted in an increase. That action was sustained by the trial court and by this court on appeal. It does not appear that the question now presented was raised in that case, but it does appear that the decision was based squarely upon the plain language of § 9200 of the code, which provides for an annual meeting of the board for equalizing the assessments of the property of the county.

Counsel for the respondent relies on the case of *Simpson Logging Co. v. Chehalis County,* 91 Wash. 656, 158 Pac. 342. In that case the valuations placed by

the assessor in his judgment upon lands belonging to the Simpson Logging Company, in the year 1912, were unchanged by the board of equalization that year. The owner, not being satisfied, took the matter into the courts and secured a substantial reduction. *Simpson Logging Co. v. Chehalis County*, 80 Wash. 245, 141 Pac. 344. The next year, the odd-numbered year, the assessor, ignoring the adjudicated values of the lands, returned them assessed in the same amounts for which they had been assessed in 1912. The board of equalization, in August, 1913, also ignoring the effect of the judgment of the court, and without giving the owner of the property any notice of a proposed increase in the valuation of the property, equalized it at the values erroneously given it by the assessor that year, and the same at which it was equalized in 1912.

The Simpson Logging Company again sought relief in the courts, hence the case in 91 Wash. 656, 158 Pac. 342. Manifestly the latter case went off on the matter of the validity of the assessment and lack of notice of a proposed increase by the board of equalization. That is to say, the judgment of the court, in the first case, fixed the value of the property for the year 1912, in lieu of the valuation placed on the property by the board of equalization that year, and since, by § 9101, the assessor was not authorized to reappraise the property in 1913, it was his duty to have returned it in the detailed and assessment list for that year at the reduced value fixed by the courts and further, it was the duty of the board of equalization, in 1913, to have considered that year's assessment list of the Simpson Logging Company's property just as if the list had conformed, as to valuations, to the valuations fixed by the court for the year 1912, and hence requiring notice to the owner in order

to give the board jurisdiction to raise the valuations for that year, from those fixed by the court for the year 1912. No such notice was given to the owner. That such is the rule of the *Simpson Logging Company* case in 91 Wash. 656, 158 Pac. 342, is made manifest by a careful reading of the decision and by a statement near the close, viz.:

"We conclude that it is entitled to pay and satisfy taxes chargeable against its lands upon the same basis, so far as assessed valuation is concerned, as for the year 1912."

That case differs from this in the following particulars: There the assessor returned values he had no right to fix in an odd-numbered year, here the assessor returned values in an odd-numbered year that were according to law; there it was the duty of the board to consider the assessment as if it had been returned as the law and judgment of the court required, necessitating a notice to the owner of a proposed raise in values to authorize the values actually fixed by the board, here the board had before it a proper assessment; there no notice was given to the owner of a proposed change, while here proper notice was given and a hearing had to authorize the change.

Judgment reversed.

PARKER, C. J., MAIN, TOLMAN, and MOUNT, JJ., concur.