[No. 33415. Department Two. August 9, 1955.]

T. J. SHAMLEY et al., Appellants, v. THE CITY OF OLYMPIA et al., Respondents.[1]

*Herbert Legg,* for appellants.

*Ralph Swanson, Lynch & Lynch,* and *Brodie & Fristoe,* for respondents.

[1]Reported in 286 P. (2d) 702.

PER CURIAM.—This action was instituted by the appellants, taxpayers and citizens of Olympia, to enjoin the city and two of its commissioners from accepting any bid for the purchase of timber standing upon the "Old Olympia Watershed" until an initiative ordinance covering the same subject matter can be submitted to the voters of Olympia.

The appeal is taken from an order sustaining a demurrer to the plaintiffs' seconded amended complaint.

The Old Olympia Watershed, a tract of land comprising approximately one hundred sixty-five acres, was acquired by the city many years ago as a source of water supply. The tract is within the present city limits. A new source of water was acquired approximately ten years ago, and subsequently the facilities of the old watershed were capped and the pipes removed. The area is thickly wooded and has remained more or less in its natural state.

Some time prior to March 22, 1955, the department of public works of the city of Olympia made a study of merchantable timber located on the watershed, and on that date reported to the city commission. The timber was valued at approximately fifty thousand dollars. By unanimous vote, the city commissioners ordered the preparation of a call for bids. On June 14, 1955, the city commission, by a vote of two of its three members, ordered the call for bids published. The date set for the opening of bids was July 5, 1955.

In the meantime, the proposed disposition of the timber was discussed in the local newspapers, various protests were received by the city commissioners, and finally a petition for an initiative ordinance, defining the public policy with reference to the area, was circulated. It was the petitioners' purpose to retain the timber on the watershed and thus preserve the natural beauty of the area. On the morning of July 5th, prior to the hour set for the opening of bids, the plaintiffs filed their complaint in which they prayed for an injunction. They secured a temporary restraining order, which was dissolved when the demurrer to the second amended complaint was sustained on July 14, 1955. The initiative petition, which was claimed as the basis for the action, containing two thousand one hundred forty-four

signatures, was filed with the city clerk on July 11, 1955. Under Laws of 1911, chapter 116, § 21, p. 534 [cf. RCW 35.17.260], when the petition accompanying the proposed ordinance is signed by registered voters equal in number to twenty-five per cent of the vote cast for all candidates for mayor at the last preceding city election (in this instance fourteen hundred eighty were necessary), the city commissioners must either enact the proposed ordinance or submit it to the voters.

After the appeal was perfected, appellants applied to this court for a temporary restraining order and order to show cause why the respondents should not be enjoined from accepting any bid or doing any act to change the legal status of the watershed, pending the hearing of the appeal. In the affidavit accompanying their application, they state that, unless restrained, the commissioners will proceed to sell the timber and thereby destroy the subject matter of the action, rendering a successful appeal fruitless.

A temporary restraining order was issued pending a hearing upon notice. The question now before us is whether a temporary injunction shall be issued pending the adjudication of the merits of the appeal.

It is well settled that this court has inherent power to grant an injunction in aid of its appellate jurisdiction. *Northwestern Imp. Co. v. McNeil,* 98 Wash. 1, 167 Pac. 115 (1917). The power, however, is one that will be exercised with caution, and only in those cases where such an order is necessary to preserve the fruits of the appeal in the event it should prove successful. On the hearing for such an order, the merits of the controversy are considered only so far as to ascertain whether the question presented is debatable. *Northwestern Imp. Co. v. McNeil, supra.*

Respondents do not deny that they intend to proceed with the sale of the timber, but state that they believe they will suffer a financial loss if the sale of the timber is postponed until winter. They do not contend that the expected proceeds of the sale are urgently needed, and there appears to be no reason why the timber will depreciate in value if it is not cut immediately.

■ The remainder of respondents' arguments are addressed to the question on the merits, whether the filing of an initiative ordinance petition under the statute can operate to forestall further legislative or administrative action by the duly elected municipal government with regard to the same subject matter.

We do not decide that question at this time, nor do we express any opinion as to the merits of the controversy. We have inquired into it only to the extent necessary to determine whether it presents a justiciable issue. The question presented is one of first impression in our court, and we find that a debatable issue is presented by the appeal.

If the city commissioners are allowed to proceed with the sale of the timber involved in this suit, it is clear that the subject matter of the proposed ordinance will have been destroyed, and a successful prosecution of appellants' appeal will avail them nothing. On the other hand, no appreciable loss is likely to result to respondents if the sale of the timber is temporarily postponed.

Respondents insist that the injunction bond, posted in the amount of two thousand dollars, is inadequate, and that they will be damaged to the extent of at least ten thousand dollars if the timber is not sold immediately. For the reasons stated above, we see no merit in this contention.

A temporary injunction is granted in accordance with the prayer of the appellants' petition.