[No. 8145–1–III.   Division Three.   November 10, 1987.]

UNIVERSAL/LAND CONSTRUCTION COMPANY, ET AL,
*Respondents*, v. THE CITY OF SPOKANE,
*Appellant.*

*James C. Sloane, City Attorney,* and *Stanley Schwartz, Assistant,* for appellant.

*Joel McCormick* and *Winston & Cashatt,* for respondents.

MCINTURFF, C.J.—On summary judgment the City of Spokane was found contractually liable for reimbursement of sales taxes John M. Keltch, Inc., paid for materials to

construct storm sewers for the City. The parties stipulated that although Universal/Land Construction Co. had not been a party to the motion for summary judgment, that the order of summary judgment be binding on the City's liability to Universal as well. At trial on the remaining issue of prejudgment interest, the City was found liable to Keltch and Universal for prejudgment interest as well as the sales taxes. We affirm.

The facts are undisputed. The City entered into two separate contracts to construct sewers with Universal and Keltch. Both Universal and Keltch performed all the work for the City of Spokane in compliance with the plans and specifications and final acceptances of the work were made by the city council on July 14, 1986, and January 13, 1986, respectively.

Keltch and Universal sued the City alleging the City failed to remit sales tax on the contracts. The allegations were based upon an interpretation of a clause in the contract. The City claimed no tax was due contractually or otherwise. The sales taxes in dispute were denominated as use taxes on materials purchased for the jobs covered by their contracts with the City. Keltch and Universal have paid these taxes to the Department of Revenue. The judgment ordered the City to pay Keltch $27,139.11 in damages plus prejudgment interest, and to pay Universal $14,247.42 in damages plus prejudgment interest.

The only issue is whether the City agreed to pay Universal and Keltch the sales taxes on materials purchased by these contractors for installation under the contracts.

Because this is a summary judgment, this court must engage in the same inquiry as the trial court. *Wilson v. Steinbach,* 98 Wn.2d 434, 437, 656 P.2d 1030 (1982). A motion for summary judgment can be granted only if the pleadings, affidavits, depositions, and admissions on file demonstrate there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Wilson,* at 437; CR 56(c). Here the only dispute concerns the meaning of the contract language.

The City and Universal and Keltch claim the contract language is not ambiguous, yet two different meanings are asserted. The focal point of the dispute is paragraph 12 of the contract. It provides:

Taxes.

Sales tax on this Contract determined by the Washington State Department of Revenue will be added to the amounts due, and the Contractor will be responsible for making payment of the tax to the State of Washington. All other taxes, including taxes on materials, are the sole responsibility of the Contractor.

The City contends the language "sales tax on this contract" does not encompass sales tax on materials. The City emphasizes that the second sentence of paragraph 12 provides: "All other taxes, including taxes on materials, are the sole responsibility of the Contractor." The City therefore claims that since it is exempt from sales tax "on the contract", there is no sales tax on the contract to add to the contract price. Further, it asserts that the sales tax reimbursement Universal and Keltch claim is due is a tax on materials, liability for which the second sentence of paragraph 12, and Washington law, places on the contractor. Thus, the City argues, reading the language in light of Washington's tax statutes and reading the contract as a whole, paragraph 12 is not ambiguous.

Universal and Keltch, on the other hand, argue that the first sentence of paragraph 12, which specifically states sales tax will be added to the contract price, unambiguously gives them a right to reimbursement for sales taxes they paid and for which the City's bid proposal form specifically instructed them to omit from the bid total. The bid proposal form's final total reads "Total Bid Price (Not Including Sales Tax) $_____". Universal and Keltch do not explain the meaning of the second sentence of paragraph 12.

## A
### Is There an Ambiguity?

A written contract is ambiguous when its terms are

uncertain or capable of being understood in more than one manner. *Farmers Ins. Co. v. U.S.F. & G. Co.,* 13 Wn. App. 836, 840–41, 537 P.2d 839 (1975). An ambiguity will not be read into a contract where it can be reasonably avoided by reading the contract as a whole. Even though some of the words may be said to be ambiguous, if the terms of the contract taken as a whole are plain and unambiguous, the meaning should be deduced from the language alone without resort to parol evidence. *Grant Cy. Constructors v. E.V. Lane Corp.,* 77 Wn.2d 110, 121, 459 P.2d 947 (1969). Words should be given their ordinary meaning; courts should not make another or different contract for the parties under guise of construction. *Corbray v. Stevenson,* 98 Wn.2d 410, 415, 656 P.2d 473 (1982).

Keltch and Universal argue the term "sales tax" has only one meaning. They argue RCW 82.08.020 imposes a tax on each retail sale in the state and that this is the ordinary meaning of sales tax, which includes tax on sale of materials, labor and services; it is not limited to sales tax on labor and services, thereby excluding sales tax on materials.

The City does not dispute that "sales tax" has only one meaning but argues the contract terms "sales tax on the contract" and "tax on materials" are distinguishable because although both are sales taxes, the terms refer to sales tax imposed on different taxing events.

Keltch and Universal argue if the City's interpretation is followed, the first sentence of paragraph 12 is meaningless because although the contract was written specifically for these jobs, the City is exempt from sales tax as to these contracts, so there is no sales tax "on the contract." Although the only sales tax imposed with regard to these contracts is sales tax on materials, the second sentence of paragraph 12 states all other taxes including taxes on materials are the sole responsibility of the contractors. The second sentence takes away what the first sentence grants—therefore, the paragraph is internally inconsistent.

## B
### RESOLUTION OF THE AMBIGUITY

[1] When the terms of a contract are ambiguous, the court must look for the intent of the parties by considering the subject matter and objective of the contract, the circumstances surrounding its making, the subsequent acts and conduct of the parties to the contract, and the reasonableness of the respective interpretations advocated by the parties. *Stender v. Twin City Foods, Inc.*, 82 Wn.2d 250, 254, 510 P.2d 221 (1973); *Amelco Elec. v. Donald M. Drake Co.*, 20 Wn. App. 899, 902, 583 P.2d 648 (1978), *review denied*, 91 Wn.2d 1020 (1979).

A contract susceptible to a reasonable or unreasonable construction should be given a reasonable one. *McIntyre v. Fort Vancouver Plywood Co.*, 24 Wn. App. 120, 124, 600 P.2d 619 (1979). Contract language is to be interpreted most strongly against the party who drafted the contract. *Guy Stickney, Inc. v. Underwood*, 67 Wn.2d 824, 827, 410 P.2d 7 (1966); *Neiffer v. Flaming*, 17 Wn. App. 443, 447, 563 P.2d 1300 (1977).

Accordingly, paragraph 12 is not to be examined for ambiguity in isolation—the remaining provisions of the contract and documents incorporated into the contract are part of the contract. Paragraph 2 provides:

> Contract documents.
> This Agreement, the "Standard Specifications for Municipal Public Works Construction, Washington State Chapter, American Public Works Association, 1981," the "Supplemental Specifications to Standard Specifications for Municipal Public Works Construction," and the *bid plans,* maps, drawings and specifications, constitute the Contract Documents and are complementary, but specific Federal and State requirements and the terms of this Agreement, respectively, supersede other inconsistent provisions. These Contract Documents . . . are incorporated into this Agreement by reference, forming this Contract as if they were set forth at length.

(Italics ours.)

The "Supplemental Specifications to Standard Specifica-

tions for Municipal Public Works Construction" lists the priority to be given to the documents to resolve any conflicts. The contract comes first, then addenda, special provisions, supplemental specifications, standard specifications and drawings. Although the bid plans are mentioned under paragraph 1 of the contract, it is not clear where they fall in the priority.

The bid plans (proposal), on a form prepared by the City, direct the contractor to total the bid price but not to include sales tax. The form does not distinguish between sales tax on materials and other sales taxes.

The "Standards Specifications for Municipal Public Works Construction" (hereafter Standard Specifications) point out the contractor's responsibility to include all applicable taxes in bid unit prices other than the state retail sales tax.[1] The Standard Specifications further state

---

[1] "7-1.02 State sales tax. The Owner will claim any exemption from the retail sales tax authorized by law, and the Contractor should determine which activities are subject to tax in order to properly evaluate the work. If in doubt as to sales tax procedures in any particular case, the Contractor should consult with the Washington State Department of Revenue. The Contractor shall be responsible for the correct interpretation of any laws or regulations relating to the application of the State Sales Tax.

"All applicable taxes which the Contractor is required to pay other than the state retail sales tax as hereinafter specified shall be included by him in his various unit bid prices or any other compensation to be paid to him under the contract.

"No adjustment will be made in the amount to be paid by the Owner under the contract because of any misunderstanding by the Contractor as to his liability for or the amount of any taxes.

"RCW 60.28.050 requires that, before paying the retained percentage to any person performing any public works contract, the Owner's disbursing officer shall require such persons to secure from the State Department of Revenue a certificate that all taxes due with respect to such contract have been paid in full. The Contractor, therefor, is required to secure such certificate before payment of the retained percentage will be made.

"*The Contractor shall include in his various unit bid prices or any other compensation to be paid to him under the contract, all Washington State retail sales taxes on the purchases of materials, equipment and supplies used or consumed in the performance of the work, when the contract or portions of the contract call for the building, repairing or improving of any street, road, highway, bridge, tunnel or trestle, mass public transportation terminal or parking facility upon lands owned by either:*

that no adjustment will be made in the amount to be paid by the owner under the contract because the contractor misunderstands his liability for the amount of any taxes. The Standard Specifications further enumerate specific situations where the contractor should include retail sales taxes on the purchase of materials in his bid prices— building and improvements of streets and roads are mentioned although sewer projects are not specifically mentioned.

Reading all these provisions in conjunction with the language of paragraph 12 does not resolve the ambiguity created by the inconsistencies in paragraph 12. Additionally, there are no other circumstances surrounding this contract or evidence of intent which resolve the ambiguity.

Accordingly, we construe this contract against the drafter. A reasonable construction against the drafter, the City, is that the parties intended that the City reimburse Keltch and Universal for sales taxes paid on the materials. Sentence one of paragraph 12 requires "sales tax on the contract" to be added to the contract price. This is reinforced by the City's instructions to the contractors on the bid proposal form not to include sales taxes in their bid totals.

## C
### PREJUDGMENT INTEREST

Keltch and Universal were awarded prejudgment interest calculated from the date the tax was paid to the Department of Revenue by Keltch and Universal for which the court found the City liable. The City contends no demand was made and the amount was not a liquidated sum, there-

---

"(1) *A municipal corporation.*
"(2) A political subdivision of the State.
"(3) The United States of America.
"*Such purchases are not for resale and are taxable against the Contractor.* The Contractor is advised that the provisions of the State Department of Revenue Rule 171 and its other related regulations will apply. The contract special provisions will designate those portions of the project not subject to this provision." (Italics ours.)

fore, it was error for the court to award prejudgment interest. *Prier v. Refrigeration Eng'g Co.,* 74 Wn.2d 25, 442 P.2d 621 (1968).

Keltch and Universal argue they are entitled to prejudgment interest because the sales tax was readily ascertainable by computation without reliance on opinion or discretion. *Prier,* at 32; *North Pac. Plywood, Inc. v. Access Rd. Builders, Inc.,* 29 Wn. App. 228, 235, 628 P.2d 482, *review denied,* 96 Wn.2d 1002 (1981).

Interest prior to judgment is allowable (1) when an amount claimed is "liquidated" or (2) when the amount of an "unliquidated" claim is for an amount due upon a specific contract for the payment of money and the amount due is determinable by computation with reference to a fixed standard contained in the contract, without reliance on opinion or discretion. *Prier,* at 32. A liquidated claim is one where the evidence allows computation of the amount with exactness, without reliance on opinion or discretion. *Prier,* at 32. Prejudgment interest is favored in the law based on the premise that he who retains money he should pay to another should be charged interest on it. *Prier,* at 34.

The fact that a claim is disputed does not make it unliquidated. *North Pac. Plywood, Inc.,* at 235. In *North Pac. Plywood, Inc.,* at 235, the contract provided the contractor shall remain liable to the owner for completing the contract in the event the contractor breached and the owner incurred costs necessary to complete the contract. The court held once the owner paid the substitute contractor, the damages could be ascertained with certainty and prejudgment interest was proper.

The City cites no authority for its argument that prejudgment interest is improper when the party requesting it made no demand for payment. None of the cases cited by the parties nor found by this court indicate a demand is a prerequisite to recovery of prejudgment interest. In any event, since the City denies liability under the contract for sales tax reimbursement, a demand for payment would

have been meaningless.

The judgments in favor of Keltch and Universal for reimbursement of sales taxes paid on materials for these contracts and the court's awards of prejudgment interest are affirmed.

GREEN and THOMPSON, JJ., concur.