

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| ONE DER WORKS II, LLC, | ) | NO. 69071-0-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | |
| JAMES K. DUNCAN and JOHN DOE, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: November 18, 2013 |
| | ) | |

LAU, J. — James Duncan appeals the trial court's enforcement of a CR 2A settlement agreement he entered to resolve an unlawful detainer proceeding. Finding no error, we affirm.

## FACTS

One Der Works II LLC owns property in Kirkland, Washington. One Der Works rented the property, consisting of a house and a yard, to James Duncan at a $900 monthly rate. On April 23, 2012, One Der Works filed an unlawful detainer complaint against Duncan. The complaint alleged Duncan was delinquent in rent and owed $1,800 in rent and $100 in late fees. The complaint also alleged that (1) Duncan was served with notice on April 5 informing him of the amount due and requiring him to pay

that amount within three days or vacate the premises and (2) more than three days elapsed since service of notice and Duncan had neither paid rent nor vacated the premises.

In April 2012, One Der Works moved for an order to show cause why a writ of restitution should not be issued. The court granted the motion and scheduled a show cause hearing for May 10.[1] On the day of the hearing, prior to the court calling the case, the parties entered into a stipulation for settlement. Duncan was represented by counsel. Both parties' counsel negotiated and signed the settlement agreement. Duncan also signed the agreement, in which he explicitly "stipulate[d] to the accuracy of the allegations contained [in the unlawful detainer complaint]" and waived any defenses and counterclaims. Duncan agreed to vacate the premises by May 31, 2012, and agreed that a writ of restitution and judgment would be issued without further notice to him if he failed to do so. The settlement agreement defined "vacant"—"For the purposes of this stipulation, the term 'vacant' means that all personal belongings of the defendants, any packing materials, detritus or junk will be removed from the subject premises, and all keys to the premises . . . will be returned to the plaintiff."

It is undisputed that although Duncan moved out of the house, he failed to fully vacate the property by May 31. Duncan returned the keys on June 1, but he failed to remove personal property—including nursery plants and temporary fencing—from the

---

[1] A court commissioner issued all orders in this case. Duncan made no demand for revision regarding any order. "[U]nless a demand for revision is made within ten days from the entry of the order or judgment of the court commissioner, the orders and judgments shall be and become the orders and judgments of the superior court, and appellate review thereof may be sought in the same fashion as review of like orders and judgments entered by the judge." RCW 2.24.050.

yard. He also asserted a right to come and go from the premises to "harvest" the plants.

Claiming Duncan "failed to vacate the property as defined by the [settlement] agreement," One Der Works moved for entry of findings of fact, conclusions of law, and judgment and for an order issuing a writ of restitution. (Emphasis in original.) On June 5, 2012, the court granted the motion and entered findings, conclusions, and the requested order issuing a writ of restitution. Relevant to this appeal, the court found that (1) Duncan failed to comply with One Der Works's notice to pay rent or vacate, (2) Duncan was served with a summons and complaint for unlawful detainer on April 13, 2012, (3) the parties entered into a stipulation for settlement on May 10, and (4) Duncan failed to comply with the settlement agreement because he "did not vacate the premises and remove all his personal property on or before May 31, 2012." From these facts, the court concluded that (1) Duncan was guilty of unlawful detainer, (2) One Der Works was entitled to a writ of restitution directing the sheriff to restore its possession of the premises, (3) Duncan was liable for One Der Works's court costs and attorney fees, and (4) judgment in favor of One Der Works was warranted.

The King County Sheriff posted the writ of restitution on June 8. On June 12, Duncan moved to stay execution of the writ, arguing that the settlement agreement's terms required him to vacate only the buildings on the premises.[2] He claimed the

---

[2] The record on appeal contains no written motion to stay. According to One Der Works, "Duncan presented a written motion and declaration to the trial court, but that motion was never filed with the clerk of the superior court or designated with the clerk's papers." Resp't's Br. at 5 n.3. Our record contains only a transcript of the June 12 hearing, including Duncan's oral motion to stay execution of the writ of restitution.

agreement did not address his nursery plants and argued he had a right to harvest the plants in the yard. The court denied this motion after hearing oral argument from both parties. The King County Sheriff physically evicted Duncan on June 15. Duncan continued coming and going from the premises through the date of his physical eviction.

Duncan filed no motion to reconsider or amend the final judgment. On July 12— 37 days after the final judgment and 30 days after the court denied his motion to stay the writ—Duncan appealed. His notice of appeal designated the court's June 12 order denying his motion to stay and also stated, "The stipulated agreement should be voided and the subsequent judgments should be vacated."

## ANALYSIS

### Findings, Conclusions, and Judgment Regarding Writ of Restitution[3]

Duncan challenges the trial court's order issuing a writ of restitution in favor of One Der Works. He has not assigned error to any of the trial court's findings of fact or conclusions of law. Unchallenged findings of fact are verities on appeal. Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 808, 828 P.2d 549 (1992). And unchallenged conclusions of law become the law of the case. King Aircraft Sales, Inc. v. Lane, 68 Wn. App. 706, 716, 846 P.2d 550 (1993).

Duncan's appeal centers on the settlement agreement and the conditions under which it was made. Here, the parties entered the settlement agreement "in order to

---

[3] One Der Works contends that issues related to the court's final judgment entered on June 5, 2012, are not before us because Duncan never moved to reconsider or amend that order, he appealed more than 30 days after entry of final judgment, and he failed to designate the judgment in his notice of appeal regarding the court's denial of his motion to stay enforcement. We conclude it is unnecessary to decide whether the earlier order is properly before us because even assuming it is, Duncan's challenges lack merit.

resolve this matter without the uncertainty and expense of trial." A trial court may enforce the terms of a settlement agreement under CR 2A. The purpose of CR 2A is to give certainty and finality to settlements. Condon v. Condon, 177 Wn.2d 150, 157, 298 P.3d 86 (2013). CR 2A requires a stipulation in open court on the record or "evidence [of the agreement] . . . in writing and subscribed by the attorneys denying the same." CR 2A; Bryant v. Palmer Coking Coal Co., 67 Wn. App. 176, 178, 858 P.2d 1110 (1992). We review a trial court's decision to enforce a settlement agreement for abuse of discretion. Morris v. Maks, 69 Wn. App. 865, 868, 850 P.2d 1357 (1993). An abuse of discretion occurs when a decision is manifestly unreasonable or based on untenable grounds or reasons. Morris, 69 Wn. App. at 868.

The parties here do not dispute the existence of the settlement agreement. Duncan, who was represented by counsel at the time, signed the agreement. Nothing in the record indicates that either party asserted the writing was not an accurate description of the agreement.[4] The settlement agreement fully resolved the unlawful detainer action. The parties stipulated that although Duncan had unlawfully detained

---

[4] Duncan claims the agreement "was not fully integrated" because he "did not author the contract and the authors of the contract deliberately ignored [his] request to specifically address [the nursery plants or crops in the yard]." Appellant's Br. at 21. He further claims, "The items omitted from the contract, under protest, consisted of $30,000.00 worth of nursery stock or 'emblements' owned by the tenant and stored at the rented premises along with certain fixtures including installed temporary fencing valued at approximately $3500.00 all of which were stored in the yard of the rented premises." Appellant's Br. at 21. Duncan failed to raise this argument below and points to no evidence in the record supporting this assertion. We decline to address this argument. See RAP 2.5(a); Roberson v. Perez, 156 Wn.2d 33, 39, 123 P.3d 844 (2005) (An appellate court "may refuse to review any claim of error which was not raised in the trial court); Cowiche Canyon, 118 Wn.2d at 809 (declining to consider arguments unsupported by reference to the record or citation to authority).

the premises, he would be allowed to remain in possession for another 21 days, through May 31. Duncan agreed that if he remained in possession after May 31, One Der Works would, without further notice or hearing, obtain a writ of restitution ex parte. That is exactly what happened.

Duncan admitted to the trial court that he remained in possession of the premises after May 31. He continued to keep personal property in the yard and to come and go therefrom. See Clerk's Papers (CP) at 43 (Duncan letter stating, "I discussed with the Attorney the need to remove debris and plants from yard" and estimating plant removal would be completed by June 20); RP (June 12, 2012) at 3-4, 9-10 (Duncan's statements during June 12 hearing indicating, "The buildings were vacated . . . . There was a few things in the yard"; "I have some nursery plants growing [in the yard]"; and blaming injury and bad weather for his failure to "get that last load out of there.").

Duncan attempts to avoid the settlement agreement's consequences by narrowing the definition of "premises" to include only the house and exclude the yard and grounds. We give the words used in a contract their ordinary meaning unless the contract clearly demonstrates a contrary intent. Universal/Land Constr. Co. v. City of Spokane, 49 Wn. App. 634, 637, 745 P.2d 53 (1987). We use a word's dictionary definition to establish ordinary meaning. Nationwide Mut. Ins. Co. v. Hayles, Inc., 136 Wn. App. 531, 537, 150 P.3d 589 (2007). Black's Law Dictionary defines "premises" as "[a] house or building, along with its grounds." BLACK'S LAW DICTIONARY 1219 (8th ed. 2004). Under that definition, the premises here include the yard where Duncan kept personal property. Duncan points to no language in the settlement agreement or any other record evidence demonstrating a contrary intent. We reject his narrow definition.

-6-

We also reject Duncan's argument that enforcing the settlement agreement in this case is unjust and unreasonable.[5] Relying on the agreement, One Der Works gave up its right to evict Duncan immediately and allowed him to stay on the premises for three additional weeks. The agreement clearly provided that if Duncan failed to comply with all requirements—including vacating the premises by May 31—One Der Works was entitled to "immediate issuance of a writ of restitution and a judgment for all unpaid utilities and all reasonable attorney's fees and court costs." Duncan could have refused One Der Works' stipulation and asserted any counterclaims or defenses he had in the unlawful detainer proceeding. Instead, he elected to accept the stipulation and forego the usual unlawful detainer procedures. Under these circumstances and on the limited record before us, he fails to show the settlement agreement was obtained by duress or any other improper means.[6]

We similarly reject Duncan's unsupported argument that holding a party to its voluntary waiver of possible defenses and counterclaims violates due process or public

---

[5] Duncan claims the stipulated settlement is "void due to extreme [d]uress" or "void because it contained a provision which allowed an adjudication hearing of the contract without notice to the tenant, which is in violation of the constitutional right to Due Process, under the Fourth Amendment, and in violation of CR5a." Appellant's Br. at 18. He also claims the settlement agreement was unconscionable. He cites no relevant authority or record evidence supporting these arguments. See RAP 10.3(a)(6); Cowiche Canyon, 118 Wn.2d at 809 (declining to consider arguments unsupported by reference to the record or citation to authority). Further, he raised no issue regarding the parties' stipulation until after accepting the full benefit of the stipulation and breaching it.

[6] Further, "[i]t is not duress to threaten to do what one has a legal right to do." Red-Samm Mining Co. v. Port of Seattle, 8 Wn. App. 610, 614, 508 P.2d 175 (1973).

policy. On this record, the court did not abuse its discretion in enforcing the parties'

settlement agreement and granting One Der Works's motion for writ of restitution.[7]

## Motion to Stay Enforcement of Writ

CR 62(b) addresses the trial court's authority to stay proceedings:

---

[7] Duncan's remaining arguments fail for similar reasons. Duncan raises several issues he claims excuse him from the duty to pay rent, including constructive eviction, unlawful harassment, disregard of tenant complaints, discrimination, refusal to make repairs, and unjust enrichment. But he waived all counterclaims in the parties' settlement agreement. Further, unlawful detainer actions are narrow in scope and the defendant cannot raise issues not related to his right to possess the premises. Munden v. Hazelrigg, 105 Wn.2d 39, 45, 711 P.2d 295 (1985). We decline to consider these issues on appeal.

Duncan also argues One Der Works failed to safeguard his property following eviction. However, a landlord is under no duty to store a tenant's property following eviction unless timely requested by the tenant. RCW 59.18.312. Duncan points to no evidence in the record showing he made such a request.

Duncan claims the court commissioner breached the Code of Judicial Conduct, denied due process, and failed to place the parties under oath at the June 12 hearing. Duncan failed to request reconsideration or revision of the court commissioner, see RCW 2.24.050, and cites no authority requiring the court to place parties to a motion hearing under oath.

Throughout his brief, Duncan also raises what amounts to an ineffective assistance of counsel claim but identifies no legal theory to justify holding One Der Works liable for this alleged failing. We decline to address this argument. See RAP 10.3(a)(6); Cowiche Canyon, 118 Wn.2d at 809 (declining to consider arguments unsupported by reference to the record or citation to authority).

Finally, Duncan raises several arguments challenging the procedures at the June 5 hearing on One Der Works's motion for entry of findings, conclusions, and an order issuing a writ of restitution. The party seeking review has the burden of perfecting the record so that the reviewing court has all relevant evidence before it. Bulzomi v. Dep't of Labor & Indus., 72 Wn. App. 522, 525, 864 P.2d 996 (1994). An insufficient record on appeal precludes review of the alleged errors. Bulzomi, 72 Wn. App. at 525. Duncan provided no transcript for any June 5 proceedings. Our record is not sufficiently developed to address this issue. Further, Duncan's claim that One Der Works failed to give him timely notice of substitution of counsel before the June 5 hearing is directly contradicted by the record. See CP at 26, 57-58 (notice was e-filed along with complaint and other documents on April 23, 2012, and served on Duncan the same day).

> In its discretion and on such conditions for the security of the adverse party as are proper, the court may stay the execution of or any proceedings to enforce a judgment pending the disposition of a motion for a new trial or to alter or amend a judgment made pursuant to rule 59, or of a motion for relief from a judgment or order made pursuant to rule 60, or of a motion for judgment in accordance with a motion for a directed verdict made pursuant to rule 50, or of a motion for amendment to the findings or for additional findings made pursuant to rule 52(b).

The rule's plain language gives the trial court discretion to stay its judgment but does not require it to do so. As discussed above, a trial court abuses its discretion when its decision is manifestly unreasonable or based on untenable grounds or reasons. Morris, 69 Wn. App. at 868. Courts consider a variety of factors when deciding whether to grant a stay, including the equities of the situation and the strength of the movant's arguments on the merits. See Boeing Co. v. Sierracin Corp., 43 Wn. App. 288, 291-92, 716 P.2d 956 (1986) (interpreting RAP 8.1(b)(2) regarding appellate court's authority to stay injunction pending appeal).

As discussed above, the trial court did not abuse its discretion in enforcing the parties' CR 2A agreement. The court did not specify its reasoning in its written order denying Duncan's subsequent motion to stay, but the court's oral ruling makes clear that Duncan failed to show sufficient likelihood of prevailing on any motion for reconsideration or revision. Duncan based his motion on the contradictory arguments that (1) he complied with the settlement agreement (and therefore judgment was inappropriate) and (2) his noncompliance was justified due to injury, bad weather, and being locked out of the premises.[8] See RP (June 12, 2012) at 3-4, 9-10. The court reaffirmed its conclusion that Duncan failed to timely vacate the premises and, thus.

---

[8] At the June 12 hearing, Duncan was unable to identify when he was allegedly locked out of the premises. One Der Works denied locking the premises and informed the court that Duncan need only ask to retrieve his personal property from the yard.

breached the settlement agreement: "Returning the keys while you claim a right to possession of personal property left on the property doesn't mean you vacate[d]." RP (June 12, 2012) at 11. The court considered and rejected Duncan's excuses for noncompliance. We find no abuse of discretion.

Attorney Fees

One Der Works requests attorney fees on appeal under RCW 59.18.410, which authorizes the court to award attorney fees on final judgment if unlawful detainer occurs "after default in the payment of rent . . . ."[9] Here, the trial court found that Duncan unlawfully detained the premises following a default in the payment of rent. Duncan assigns no error to that finding. We award reasonable attorney fees to One Der Works conditioned on compliance with RAP 18.1(d).

CONCLUSION

The trial court did not abuse its discretion in enforcing the parties' CR 2A agreement and denying Duncan's subsequent motion to stay enforcement of the writ of restitution. We affirm and award appellate attorney fees to One Der Works.

WE CONCUR:

---

[9] One Der Works also cites (1) the settlement agreement's provision for attorney fees if Duncan breached the agreement and (2) the lease agreement's provision for attorney fees to the prevailing party in any litigation.

-10-